No. 13290

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

STATE EX REL. DIMLER,

                    Petitioner,

    -vs-

THE DISTRICT COURT OF THE ELEVENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
FLATHEAD AND THE HON. ROBERT S. KELLER,
a Judge thereof,

                    Respondents.

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        James D. Moore argued, Kalispell, Montana

    For Respondents:

        Warden, Walterskirchen and Christiansen, Kalispell,
        Montana

                            Submitted:   March 17, 1976

                            Decided: MAY 2 5 1976

Filed: MAY 2 5 1976

_Thomas J. Kearney_
                                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an application for a writ of supervisory control directed to the district court of the eleventh judicial district, Flathead County. The application is by plaintiffs Robert E. Dimler and Patti Dimler and relates to that court's order striking a prayer for punitive damages from a complaint seeking damages from defendants Ralph Edward James and Kathy Ann James for alleged misrepresentation as to the functional condition of one bathroom and plumbing elsewhere in a home sold by defendants to plaintiffs.

This Court, upon hearing ex parte application of plaintiffs, granted defendants until March 30, 1976 to respond in writing and granted plaintiffs ten days thereafter for reply. Briefs were filed and the case submitted April 9, 1976.

The background giving rise to this application based solely upon allegations of plaintiffs, is: In July 1974, plaintiffs entered into negotiations with defendants, through certain realtors, for the purchase and sale of a home owned by defendants near Kalispell, Montana. Defendants listed and represented the home to contain two bathrooms. Plaintiffs in inspecting the home, were shown the "second bathroom" upstairs, which "bathroom" contained a bathtub, a sink, and a toilet, all attached to the walls and floor in what appeared to be a normal fashion. There were diapers or dirty clothes in the bathroom, as though they might have been rinsed and placed in a hamper therein. There was blue water in the toilet.

Believing the home to be a two-bathroom home, and relying upon that belief, plaintiffs purchased the home from defendants under a contract for deed on or about July 27, 1974.

The day following the purchase, plaintiffs' small child had occasion to use the upstairs toilet but was unable to flush it. Thereafter it was discovered that no plumbing whatsoever had

been placed in the "upstairs bathroom", nor was there any plumbing anywhere leading to the upstairs portion of the home. The bathroom was in fact not usable.

Subsequently, plaintiffs had additional misfortune when the main sewer line in the basement burst. Inspection of the line revealed that faulty installation and inadequate materials had caused the rupture.

Desiring to keep the home, plaintiffs chose to affirm the real estate sales contract and sue for damages. In December 1974 a complaint was filed in Flathead County district court alleging willful and wanton fraud on the part of defendants as to the "upstairs bathroom" and the sewer line. Plaintiffs sought actual and punitive damages.

Defendants filed a motion to strike plaintiffs' prayer for punitive damages contending the only obligations alleged to have been breached were those which arose from the parties' contract and therefore under section 17-208, R.C.M. 1947, punitive damages were not recoverable. On January 30, 1976, the district court issued an order granting defendants' motion to strike the prayer for punitive damages.

Plaintiffs seek a writ of supervisory control to annul and set aside the January 30 order of the district court.

The sole issue presented for review is whether the district court acted properly in striking the prayer for punitive damages as a matter of law.

First, where a motion seeks to eliminate a claim for relief upon grounds the claim is improper as a matter of law, the allegations of the complaint must be viewed in the light most favorable to the plaintiffs for purposes of reviewing the propriety of the district court's action. Board of Equal. v. Farmers Union Grain Terminal Association, 140 Mont. 523, 374

P.2d 231. Therefore, all subsequent discussion of law in this opinion will be based on the assumption the plaintiffs' allegations in this action are true.

The essential question in resolving the issue is whether plaintiffs in the instant case are basing their action upon contract. Section 17-208, R.C.M. 1947, which authorizes the recovery of punitive damages provides:

"Exemplary damages--in what cases allowed. In any action for a breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

Defendants, in support of their contention that the only obligation existing between the parties is contractual in nature and section 17-208 precludes recovery of punitive damages, cite several Montana cases where punitive damages were denied: Westfall v. Motors Insurance Corp., 140 Mont. 564, 374 P.2d 96; Ryan v. Ald, Inc., 146 Mont. 299, 406 P.2d 373; State ex rel. Cashen v. District Court, 157 Mont. 40, 482 P.2d 567.

In Westfall the plaintiff claimed the defendant insurance adjuster had fraudulently procured his signature on a release form and sought to void such release, suing for actual and punitive damages. This Court held that such an insurance release was a contract and therefore was entitled to rescission under the circumstances of that case but punitive damages could not be allowed in light of section 17-208, R.C.M. 1947.

In Ryan plaintiff sought actual and punitive damages from the defendant as the result of the sale of defective laundromat equipment. Plaintiff attempted to show the defendant had an obligation under the contract to see that the machines were properly installed and in working order. In addition, plaintiff alleged that said obligation arose from fraudulent oral representations made prior to the contract. This Court held the second

- 4 -

claim was inconsistent with the claim under the contract, that the suit was in reality one for breach of contract, and therefore punitive damages could not be awarded under section 17-208, R.C.M. 1947.

In State ex rel. Cashen plaintiff claimed fraud on the part of the insurer and its agent in settling an auto collision insurance claim and sued for breach of contract, asking for rescission with actual and punitive damages. Once again, the action was for breach of contract and since, contrary to plaintiff's contention, no penal section of Montana's Insurance Code was relevant, punitive damages could not be allowed under section 17-208.

Since all three cited cases involved actions for breach of contract, with rescission as part of the relief sought, those cases are distinguishable from the instant case. Here, plaintiffs chose to affirm the contract and sue for fraudulent representations preceding the contract, representations which plaintiffs alleged induced them to sign the contract for purchase of defendants' home.

That such a course of action is permissible and in fact is not a contract action has long been recognized in the law. 37 Am Jur 2d, Fraud and Deceit, § 332, p. 439, states in pertinent part:

> "A traditional remedy ordinarily available to a person who has parted with something of value as a result of a contract or transaction induced by fraud is that he may retain what he has received and bring an action at law to recover the damages sustained. Thus, a person who has been injured by the fraud of another or others, by either a party or parties to a transaction or a third party or third parties committing fraudulent acts involving or bringing about the negotiation of a transaction, such transaction usually but not necessarily involving business or commercial dealings, may maintain an action at law in tort to recover damages for the injury received from the fraud and deceit perpetrated

by such other or others. <u>The foundation of</u>
<u>the action is not contract, but tort.</u> * * *"
(Emphasis supplied.)

37 Am Jur 2d, Fraud and Deceit, § 333, p. 442, continues the

discussion:

"In accordance with the right to bring an action
for deceit generally, a buyer <u>who has been induced</u>
<u>by the fraud of the seller to purchase real or</u>
<u>personal property</u> may ordinarily maintain an action
for, or in the nature of, deceit, to recover dam-
ages resulting from the fraud. * * *"  (Emphasis
supplied.)

See also:  Associated Hardware Supply Co. v. Big Wheel Distribu-

ting Co. 355 F.2d 114; Rogers v. Toni Home Permanent Co., 167

Ohio St. 244, 147 N.E.2d 612; Cole v. Associated Const. Co.,

141 Conn. 49, 103 A.2d 529.

In Falls Sand and Gravel Co. v. Western Concrete, Inc.

270 F.Supp. 495, 500, Judge Jameson stated:

" * * * It is clear that in Montana, and generally,
a party may not pursue both an action for recission
and damages for deceit or misrepresentation. * * *"

Judge Jameson then quoted approvingly from Bankers Trust Co. v.

Pacific Employers Insurance Co., 282 F.2d 106, 110:

"' * * * It is the law that one who has been
fraudulently induced into a contract may elect
to stand by that contract and sue for damages
for the fraud. * * *'"

Horner v. Ahern, 207 Va. 860, 153 S.E.2d 216, 221, is similar

to the circumstances of the instant case.  In <u>Horner</u>, purchasers

brought an action of fraud against the sellers and a real estate

firm for misrepresentations allegedly made concerning termite

damage in the house which they purchased.  Defendants contended

that under the terms of the contract, plaintiffs' only remedy,

in the event termite damage was found, was to rescind the con-

tract.  By retaining the property and bringing an action for

damages, defendants alleged plaintiffs were seeking to affirm

that part of the contract entitling them to the property and to

- 6 -

disaffirm that part prescribing their sole remedy if termite

damage was found. In answering this contention the Virginia

Supreme Court said:

> "The other fallacy in the defendants' position
> is that the plaintiffs' action of fraud and
> deceit is not based upon the contract, but is
> independent of it. The action is not in con-
> tract, but in tort. The bringing of the action
> has the effect of affirming the contract, but
> that does not constitute a release or waiver of
> the right to seek recovery of damages for the
> alleged tort."

Applying the authorities discussed to plaintiffs' alle-

gations of misrepresentation on the part of defendants, these

conclusions can be made as to plaintiffs' cause of action in

the instant case: The cause of action arises from representations

which plaintiffs claim induced the execution of the contract,

section 13-308, R.C.M. 1947. Such representations necessarily

contain an obligation to act in good faith. Such representations

if knowingly false, as alleged, would be a "breach of an obliga-

tion" as contemplated by section 17-208. Additionally, a cause

of action for fraudulent inducement can be in tort and thus in-

dependent of the contract and therefore affirmance of the contract

does not automatically preclude suit in tort for fraud. Since

plaintiffs' cause of action for fraud is based in tort, not con-

tract, section 17-208, R.C.M. 1947, is not controlling and plain-

tiffs can properly pray for punitive damages.

Let a writ issue from this Court directing the district

court of the eleventh judicial district to reinstate plaintiffs'

prayer for punitive damages, consistent with plaintiffs' application

therefor.

_____
                Justice

- 7 -

We concur:

_Frank I. Haswell_

_John Conway Harrison_

Justices

_Jack D. Shanstrom_

Hon. Jack Shanstrom, district
judge, sitting in place of Mr.
Chief Justice James T. Harrison.

Mr. Justice Wesley Castles dissenting:

I respectfully dissent to the majority holding. The issue around which this case revolves is "fraudulent inducement" to enter into a contract, and the action clearly arises out of the contract within the meaning of section 17-208, R.C.M. 1947. In construing the cases of Westfall, Ryan and Cashen, the majority inaccurately states:

> "* * * all three cases involved actions for breach of contract, with rescission as part of the relief sought * * *. Here, plaintiffs chose to affirm the contract and sue for fraudulent representations * * *."

In Westfall, punitive damages were denied because of an allegation the insurance carrier had breached its contract with the insured. Rescission of that underlying obligation, the initial insurance contract, was not prayed for. The fact that rescission of the release agreement was requested, was not determinitive of the case. The continuing existence of the underlying obligation was the factor which caused the application of the statute to deny punitive relief.

The facts in Ryan presented a "fraudulent inducement" very similar to the instant case. The majority states rescission of the purchase contract was sought, but the opinion contains no language to that effect. Again, punitive damages were disallowed in light of the continuing existence of the contract, an existence which could only be denied by a prayer for rescission.

In Cashen, another insurance contract and release problem is presented. A fair reading of that case fails to reveal any intent of the plaintiff to deny the existence of the original insurance agreement. Thus, punitive damages were deemed inappropriate.

In a case not cited by the majority, Paulson v. Kustom Enterprises Inc., 157 Mont. 188, 483 P.2d 708, the relationship between

the prayer for rescission and the recovery of punitive damages is made clear. The problem in _Paulson_ was also one of fraudulent inducement. Yet, in _Paulson_ punitive damages were allowed as rescission or cancellation of the underlying contractual obligation was clearly sought. By denying the contract, the plaintiffs became legally eligible to seek punitive damages, as the action clearly sounded in tort.

Section 17-208, R.C.M. 1947, requires that plaintiff elect one of two remedies: (1) affirm the contract, receive the benefits derived thereunder, and sue for actual damages, or (2) disaffirm through a prayer for rescission or cancellation and sue for both actual and punitive damages. Even in the unfortunate circumstances presented here, the law does not permit both. The majority by its holding, overrules the firmly established cases cited heretofore, and applies the direct converse of the correct rule.

Wesley Castles
Justice.