No. 81-255

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

RUSSELL WOOLCOCK, d/b/a
SPRING MOUNTAIN RANCH,

Plaintiff and Appellant,

vs.

BEARTOOTH RANCH, a dissolved Montana
Corporation, BEARTOOTH RANCH, a partnership;
VERNON SANDERS, GEORGE ELLIS, JOHN DOE I,
JOHN DOE II, et al.,

Defendants and Respondents.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable John McCarvel, Judge presiding.

Counsel of Record:

For Appellant:

Jardine, Stephenson, Blewett & Weaver, Great Falls,
Montana

For Respondents:

Anderson, Brown, Gerbase, Cebull & Jones, Billings,
Montana

Submitted on briefs: September 3, 1981

Decided: DEC 10 1981

Filed DEC 10 1981

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a ruling in the District Court of the Eighth Judicial District of the State of Montana, in and for the County of Cascade, where the court granted defendants' motion for change of venue and moved the action from Cascade County to Stillwater County.

Plaintiff and appellant, Russell Woolcock, d/b/a Spring Mountain Ranch, filed a complaint in Cascade County seeking both compensatory and punitive damamges. In his complaint, Woolcock alleged that the defendants intentionally, falsely and fraudulently made representations regarding a bull named Negotiator 510L. The complaint further alleges that Woolcock relied on these misrepresentations and purchased the bull at an auction held by the Beartooth Ranch on October 10 and 11, 1979.

The defendants moved for a change of place of trial from Cascade County to Stillwater County. The District Court granted the motion on the grounds that Stillwater County was the residence and principal place of business of the defendants, was the place of the contract's performance, and was the place of the occurrence of the alleged torts. Plaintiff and appellant appeals the order changing the place of trial and presents the following issues:

1. Does the complaint state a contract claim or a tort claim?

2. Is Stillwater County the proper place for trial if the action is in tort?

3. Was sufficient evidence presented to the District Court to support the change of venue motion?

Appellant contends that his action is in tort, and, consequently, the contract venue statute is inapplicable. Appellant supports this contention by referring to specific language used in the complaint, such as: ". . . the representations alleged in paragraph III hereof were intentionally, falsely and fraudulently made for the purpose of causing plaintiff and the public to believe . . . that Negotiator 510L was the sole and only progeny of Justamere RN890C . . ." According to appellant, this language, coupled with the fact that there has been no action to rescind the contract, is sufficient to support an action in tort.

In State ex rel. Dimler v. District Court (1976), 170 Mont. 77, 550 P.2d 917, this Court stated:

> ". . . Here, plaintiffs chose to affirm the contract and sue for fraudulent representations preceding the contract, representations which plaintiffs alleged induced them to sign the contract for purchase of defendants' home.
>
> "That such course of action is permissible and in fact is not a contract action has long been recognized in the law. 37 Am.Jur.2d, Fraud and Deceit, § 332, p. 439, states in pertinent part:
>
> "'A traditional remedy ordinarily available to a person who has parted with something of value as a result of a contract or transaction induced by fraud is that he may retain what he has received and bring an action at law to recover the damages sustained. Thus, a person who has been injured by the fraud of another or others, by either a party or parties to a transaction or a third party or third parties committing fraudulent acts involving or bringing about the negotiation of a transaction, such transaction usually but not necessarily involving business or commercial dealings, may maintain an action at law in tort to recover damages for the injury received from the fraud and deceit perpetrated by such other or others. The foundation of the action is not contract, but tort. . .' [Emphasis in Dimler.]
>
> ". . . 37 Am.Jur.2d, Fraud and Deceit, § 333,

p. 442, continues the discussion:

"'In accordance with the right to bring an action for deceit generally, a buyer who has been induced by the fraud of the seller to purchase real or personal property may ordinarily maintain an action for, or in the nature of, deceit to recover damages resulting from the fraud . . .' [Emphasis in Dimler.]

". . .

"Applying the authorities discussed to plaintiffs' allegations of misrepresentation on the part of defendants, these conclusions can be made as to plaintiffs' cause of action in the instant case: The cause of action arises from representations which plaintiffs claim induced the execution of the contract, section 13-308, R.C.M. 1947. Such representations necessarily contain an obligation to act in good faith. Such representations if knowingly false, as alleged, would be a 'breach of an obligation' as contemplated by section 17-208. Additionally, a cause of action for fraudulent inducement can be in tort and thus independent of the contract and therefore affirmance of the contract does not automatically preclude suit in tort for fraud. Since plaintiffs' cause of action for fraud is based in tort, not contract, section 17-208, R.C.M. 1947, is not controlling and plaintiffs can properly pray for punitive damages." 550 P.2d at 920-921.

Here, the appellant has also chosen to affirm the contract and sue for fraudulent misrepresentations. Accordingly, the action is one in tort, and section 25-2-102, MCA, applies. That statute provides: "Actions for torts may be tried in the county where the tort was committed, subject, however, to the power of the court to change the place of trial as provided in this code."

Appellant contends the tort was continuous in nature and that, therefore, according to section 25-2-102, MCA, Stillwater County is not the proper place for trial.

The general rule of venue has been reiterated numerous times by this Court. In Foley v. General Motors

Corporation (1972), 159 Mont. 469, 499 P.2d 774, 775-776, we held:

> "Thus the general rule governing venue of civil actions is that the action shall be tried in the county in which the defendants or any one of them reside at the commencement of the action.
>
> ". . .
>
> "In order to maintain suit in another county than that of defendant's residence, plaintiff must clearly show facts relied upon to bring the cause within one of the exceptions to the general rule. Hidden Hollow Ranch v. Collins, 146 Mont. 321, 406 P.2d 365; Rapp v. Graham, 145 Mont. 371, 401 P.2d 579." (Emphasis added.)

Also, in Rapp v. Graham (1965), 145 Mont. 371, 373-374, 401 P.2d 579, 581, this Court emphasized that, "[s]tatutory provisions creating exceptions to the general rule recognizing a defendant's privilege to be sued in his own county will not be given a strained or doubtful construction." From the authority cited above, it is apparent the general rule of venue shall be applied unless a clear reason for an exception appears. In this case, a clear reason does not appear.

Appellant's contention that Stillwater County is not the proper place for trial is unsupported by the facts--that is, the defendants all resided in Stillwater County and they were served notice in Stillwater County. Further, the contract was entered into in Stillwater County, no place of performance was mentioned in the contract, and payment upon the contract was made in Stillwater County. These facts illustrate every aspect of the transaction was initiated in Stillwater County.

It is clear from these facts that the entire action culminated in Stillwater County. The alleged misrepresen-

tations, the alleged fraud and alleged deceit all transpired, if at all, in Stillwater County. The tort was committed, if at all, in Stillwater County. Even under section 25-2-102, MCA, which is an exception to the general rule of venue, appellant's contention that the continuous nature of the tort makes Stillwater County an improper place for trial does not stand up.

First, the tort was committed, if at all, at the time of the auction and sale in Stillwater County. Second, since section 25-2-102, MCA, is an exception to the general rule of venue, it must be cautiously applied. The Texas Supreme Court, in Ryan Mortg. Investors v. Lehmann (Texas 1976), 544 S.W.2d 456, 459, reiterated the general rule and the manner in which exceptions should apply when it recognized the rule enunciated in Goodrich v. Superior Oil Co. (1951), 150 Tex. 159, 237 S.W.2d 969, 972, and stated:

> "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear."

Finally, in Neely v. Steinbach (1967), 149 Mont. 119, 423 P.2d 584, 586, this Court emphasized that, "[g]ranting a change of venue lies in the sound discretion of the District Court, and in the absence of manifest abuse of this discretion, the decision of the court below must stand. Little v. Strobel, 136 Mont. 272, 346 P.2d 971."

Appellant's final contention is that the District Court erred when it granted a change of venue because the defendants had failed to present pleadings or competent evidence to support their motion.

This Court does not need address this contention because appellant failed to present this issue for review on the trial court level. Rules 8(c) and 12(b), M.R.Civ.P. In Chadwick v. Giberson (1980), ___ Mont. ____, 618 P.2d 1213, 1215, 37 St.Rep. 1723, 1726, we held: "However, it is a well-settled rule of law that alleged error as to issues not raised in trial court will not be considered on appeal." See also, State v. Armstrong (1977), 172 Mont. 296, 562 P.2d 1129; Spencer v. Robertson (1968), 151 Mont. 507, 445 P.2d 48; Clark v. Worrall (1965), 146 Mont. 374, 406 P.2d 822.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-