No. 83-160

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

MICHAEL J. WHALEN,

Plaintiff and Appellant,

vs.

W. CARTER SNELL,

Defendant and Respondent.

_____

Appeal from:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone
               Honorable William Speare, Judge presiding.

Counsel of Record:

    For Appellant:

        Whalen & Whalen, Billings, Montana

    For Respondent:

        Brown and Huss, Miles City, Montana

_____

                    Submitted on briefs:  June 9, 1983

                              Decided:  August 4, 1983

Filed:  AUG 4 1983

Ethel M, Harrison
_____
                        Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Appeal is taken from an order of the District Court of the Thirteenth Judicial District, County of Yellowstone, granting change of venue to Garfield County. We reverse.

Defendant W. Carter Snell (Snell) is a resident of Garfield County, Montana. Plaintiff Michael J. Whalen (Whalen) is an attorney with law offices in Billings, Yellowstone County, Montana. In November, 1980, Snell retained Whalen to provide legal services and represent him in a marriage dissolution. After meeting with Snell and his former wife, Whalen prepared a proposed property settlement agreement. Negotiations proved fruitless, and with the approval of Snell, an action for dissolution and property settlement was brought in Rosebud County, Montana.

The parties apparently agreed that the legal services would be billed at the rate of $75.00 per hour with consideration to be given to the results obtained.

On June 15, 1982, Whalen billed Snell, for legal services performed, in the amount of $12,322.01. Snell made payments of $1,000 and $2,000 in June and July of 1982. Allegedly, Snell repudiated his obligation to pay Whalen the balance of the bill on August 16, 1982.

Thereafter, Whalen brought this action in Yellowstone County, alleging the following all in one claim:

> "1. Defendant owes plaintiff Nine Thousand, Three Hundred Twenty-two and 01/100 Dollars ($9,322.01) according to the account hereto annexed as Exhibit 'A' and by this reference incorporated herein.
>
> "2. The balance hereinabove recited, arises out of the employment of the plaintiff by the defendant, at defendant's special instance and request to represent him in connection with a marriage dissolution which became Cause No. 9177 in the District Court of the Sixteenth Judicial District of the State of Montana in and for the County of Rosebud, wherein judgment was entered on June 17, 1982.

2

"3. After acknowledging existence of said account, and making partial payments thereon, the defendant repudiated his obligation thereon on or about August 16, 1982. The actions of the defendant in seeking and accepting the legal services of the plaintiff and then repudiating his obligation to pay for the same after the services were rendered, were and are oppressive, fraudulent and malicious and amount to a breach of good faith and fair dealing as is implied-in-law and amount to the tort of bad faith."

Whalen prayed for $9,322.01 in compensatory damages and $10,000 in punitive damages.

Snell filed a motion for change of venue, claiming that the action must be brought in the county in which the defendant resides. Whalen filed an affidavit in opposition to the motion; no affidavit or testimony was presented by Snell. After oral argument, the Court granted the motion and ordered that the case be transferred to Garfield County. Appeal was taken to this Court.

The general rule governing venue of civil actions is that the action shall be tried in the county in which the defendant resides. Foley v. General Motors Corporation (1972), 159 Mont. 469, 499 P.2d 774; section 25-2-108, MCA. Permissive statutory exceptions to this general rule include provisions that contract actions may be tried in the county in which the contract was to be performed, and torts may be tried in the county where the tort was committed. Sections 25-2-101,102, MCA.

Both parties argue that venue should be determined by the place of performance of the contract; Whalen argues performance was in Yellowstone County while Snell argues it was not. However, it does not appear from the face of the complaint that the action sounds in contract at all. Instead, Whalen has merely pled a claim of bad faith in tort. The rule for venue of this action is therefore found in section 25-2-102, MCA, which provides that a tort action may

3

properly be brought in the county where the tort was committed.

For the purposes of venue, a tort is committed where there is a concurrence of breach of obligation and the occassion of damages. The obligation which gives rise to Whalen's cause of action is Snell's duty to deal fairly and in good faith in paying the agreed rate for attorney fees. This obligation was breached, if at all, where payment was to be made.

From the uncontroverted facts in Whalen's affidavit it is clear that Snell came from Garfield County to Whalen's office in Billings, and entered into an agreement with Whalen at that place. It is also clear from the nature of an attorney's business that payment is to be made at the attorney's office, his place of work and business. A lawyer is not a peddler selling his services door-to-door, or delivering his product to a distant location. Since payment was to be made at Whalen's office any damages which are incurred as a result of the alleged tort, occurred at Whalen's office also.

Even if Whalen had pled both a tort and contract claim, the result reached here would not change. Under section 25-2-101, MCA, an action upon a contract may be brought in the county in which the contract was to be performed.

Place of performance of a contract is the place where the obligation being sued upon was to be performed. It makes little difference where Whalen tried the divorce action since the manifest intention of the parties was that Snell's performance, that is payment, was to be at Whalen's office in Yellowstone County. Likewise, the interrelated tort action would also occur at the place of Snell's performance. Acc. Slovak v. Kentucky Fried Chicken (1973), 164 Mont. 1, 518

4

P.2d 791. Therefore, any future amendment to include a contract claim would not affect venue.

This action was properly brought in Yellowstone County, and the motion for change of venue should have been denied.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices