No. 83-396

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

THOMAS HOWARD as Guardian Ad
Litem for Betty K. Howard,

Plaintiff and Respondent,

-vs-

DOONER LABORATORIES, INC.,
a Penn. corp., and MACIEJ
TOMASZEWSKI, M.D.,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Anderson, Brown, Gerbase, Cebull & Jones; Richard F.
Cebull, Billings, Montana

For Respondent:

Torger S. Oaas, Lewistown, Montana

---

Submitted on Briefs: March 30, 1983 84

Decided: July 23, 1984

Filed: JUL 1984

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant, Dr. Maciej Tomaszewski, M. D., appeals from an order of the Fergus County District Court denying his motion to change venue from Fergus County to Yellowstone County. Plaintiff, Thomas Howard, as guardian ad litem for Betty K. Howard, is suing the doctor for medical malpractice and co-defendant, Dooner Laboratories, for the alleged defective manufacture of the allergy medication that was prescribed by the doctor for Betty Howard. Dooner Laboratories has not appealed the order keeping venue in Fergus County. We reverse and remand with instructions to order venue changed to Yellowstone County.

The sole issue is whether, in a medical malpractice action, an alleged tort is "committed" for purposes of section 25-2-102, MCA, in the county where the doctor made his examination and diagnosis and prescribed the medication, or in the county where the patient later ingested the medication and allegedly suffered injury.

The facts are simple and uncontested. The patient, Betty Howard, suffers from asthma and other related health problems. On or about October 18, 1978, she traveled from her home in Fergus County to Yellowstone County to see the defendant doctor, a specialist in allergy and immunology practicing in Billings. Doctor Tomaszewski examined her and prescribed a medication called Slo-phyllin Gyrocaps. The medication is manufactured by co-defendant, Dooner Laboratories, a Pennsylvania corporation.

Betty Howard returned to her home in Fergus County and had the prescription filled at a pharmacy in Lewistown.

After ingesting some of the Slo-phyllin Gyrocaps, she allegedly suffered seizure attacks and other serious injuries. She sued the doctor and the laboratory in Fergus County. The defendant doctor moved to have the venue changed to Yellowstone County.

The general statutory rule is that a defendant has a right to be sued in the county where he resides (section 25-2-108, MCA), although there are exceptions. One exception is provided in section 25-2-102, MCA, which provides that "actions for torts may be tried in the county where the tort was committed,. . ." Plaintiff relied on this exception to file the action in Fergus County as opposed to Yellowstone County, where the doctor lives and practices.

The examination, diagnosis, and prescription for the medication took place in Yellowstone County. The defendant doctor argues that if he is guilty of malpractice, the conduct giving rise to that claim all took place in Yellowstone County and therefore that is where plaintiff should have filed the lawsuit. Plaintiff, on the other hand, contends that the tort was incomplete until she actually sustained injuries, and that those injuries were sustained in Fergus County. Plaintiff also argues, as an alternative argument, that her complaint is sufficient to keep the action in Fergus County because she alleged that the defendant doctor "failed to properly monitor" her use of the medication in Fergus County, and that this allegation is sufficient on its face to keep venue in Fergus County. She bases this argument on the language of her complaint alleging that the defendant doctor ". . . failed to monitor the use of (the medication) by Betty K. Howard as recommended by the manufacturer." (Emphasis added).

The general rule to determine venue in tort cases is set forth in Whalen v. Snell (Mont. 1983), 667 P.2d 436, 40 St.Rep. 1283, where we held that for purposes of venue "a tort is committed where there is a concurrence of breach of obligation and the occasion of damages." The question is not an easy one, however, where a concurrence of breach and damages does not occur in the same county. Such is the situation here. The doctor's activity took place in Yellowstone County, but the alleged injuries later suffered after ingestion of the pills occurred in Fergus County. If the doctor breached his duty to properly examine, diagnose, and prescribe for the plaintiff, that breach took place in Yellowstone County, where this activity took place. However, the alleged injury was incurred in Fergus County after the plaintiff had obtained and ingested the medication from a pharmacy in Fergus County.

Cases cited by the plaintiff to support the trial court's decision to keep venue in Fergus County, are distinguishable. In Hopkins v. Scottie Homes, Inc. (1979), 180 Mont. 498, 591 P.2d 230, plaintiff sustained injuries in Musselshell County when he slipped and fell on the roof of a trailer home he had purchased in Valley County. Plaintiff sued in Musselshell County for personal injuries and for breach of contract. We held that the contract was to be performed in Musselshell County, and that the allegation that the defendant committed a tort in Musselshell County was sufficient to keep venue in Musselshell County rather than returning it to Valley County, the place of the defendant-seller's residence. Here no contract violation is alleged and plaintiff has not alleged tortious conduct of the doctor occurring in Fergus County. The mere allegation that

- 4 -

the doctor "failed to monitor" the patient's use of the medication does not on its face allege that a tort was "committed" in Fergus County.

Cases cited by the plaintiff to support the trial court's decision to keep venue in Fergus County, are inapplicable. Hopkins v. Scottie Homes, Inc., supra; Woolcock v. Beartooth Ranch (Mont. 1981), 637 P.2d 520, 38 St.Rep. 2130; and Bergin v. Temple (1941) 111 Mont. 539, 111 P.2d 286. We need not discuss the facts and law of these cases because it is sufficient to say that they do not support plaintiff's argument that venue is properly in Fergus County.

Although venue questions between counties and personal jurisdiction questions as between states, and personal jurisdiction questions regarding the federal courts cannot be totally synchronized, the fact remains that the considerations in deciding venue questions and personal jurisdiction questions are basically the same. Underlying the approach to both types of questions is the fundamental requirement of fairness to the defendant.

Federal cases involving decisions on whether a particular federal court should assert personal jurisdiction are more in point to the problem faced here. In Wright v. Yackley (9th Cir. 1972), 459 F.2d 287, a doctor who lived in South Dakota, and who prescribed medicine for plaintiff while she lived in South Dakota, was sued by the plaintiff after the plaintiff had moved to Idaho and had taken medicine that had been prescribed by the doctor in South Dakota, but had been refilled in Idaho. Plaintiff sued the doctor in Idaho federal court, alleging she had been injured by the medicine prescribed by the South Dakota doctor. The Idaho Federal

- 5 -

District Court dismissed the action for lack of personal jurisdiction, and the Ninth Circuit Court of Appeals affirmed, stating:

> "If appellee was guilty of malpractice, it was through acts of diagnosis and prescription performed in South Dakota. The mailing of the prescription to Idaho did not constitute new prescription. It was not diagnosis and treatment by mail. . . It did, of course, put the doctor on notice that consequences of his South Dakota services would be felt in Idaho and that it was by his very act of mailing that this would be made possible. In our view however, this does no more than put the doctor in the positions of one who, in South Dakota, treats an Idaho resident with knowledge of her imminent return to Idaho and that his treatment thus may cause effects there." (Emphasis added). (459 F.2d at 288).

The Wright decision also recognized that defendant's relationship to the forum state must be such that conferring personal jurisdiction over the defendant would not be "unreasonable" -- that is, it must be fair. The court focused on this element in the context of personal medical services:

> "In the case of personal services focus must be on the place where the services are rendered, since this is the place of the receiver's (here the patient's) need. . . (The services) are directed to no place but to the needy person herself. It is in the very nature of such services that their consequences will be felt wherever the person may choose to go. However, the idea that tortious rendition of such services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt is wholly inconsistent with the public interest in having services of this sort generally available. . ." (Emphasis added). (459 F.2d at 289).

Although the burdens, inconvenience, and expense in an intrastate venue dispute may not be as great as those involved in an interstate dispute over whether a treating physician should be compelled to travel from state to state defending medical malpractice lawsuits, it is nonetheless

unfair to require a treating physician to respond to a lawsuit filed in a distant county simply because that is where the patient happened to be when he or she first noticed the ill effects of the alleged negligent examination, diagnosis, and prescription. The venue statutes should not be interpreted to give a plaintiff the right to choose a forum based on the fortuitous fact that the patient happened to be in a particular county when he or she first noticed the ill effects of the conduct on which the claim of malpractice is based.

Our holding here is not meant to establish an inflexible rule that absolutely forbids a treating physician from being sued in any county other than where he maintains his business. The factual circumstances of a particular case may justify a different result. An analogous example exists in the personal jurisdiction issue presented in McGee v. Riekhof (D.Mont. 1978), 442 F. Supp. 1276, where a Montana resident traveled to Utah to have a detached retina reattached, and then returned to Montana. Later, the physician advised plaintiff's wife by telephone that plaintiff could return to work as a pipefitter. Plaintiff returned to work and his retina detached again on the first day of work. Plaintiff sued the Utah physician in Montana federal court and personal jurisdiction was established over defendant because the allegation was that he "committed" a tort in Montana when he telephonically rendered professional medical advice to the plaintiff in Montana. We can see similar issues arising in a venue case where a physician may render out of county advice to a patient, which advice is later relied on as the basis for a tort action filed against the physician.

Based on the facts in this record, however, we hold that if defendant was guilty of malpractice, it was through his acts of diagnosis and prescription in Yellowstone County, and venue is proper there. In reaching this holding, we recognize but do not adopt the minority view--i.e., that a tort is "portable" and arises wherever the damages arise. States such as Florida who have adopted this approach have venue statutes that provide that an action may be brought wherever the tort "accrues," not where it was "committed." See, section 47.011, FSA (1969). We may have reached a different conclusion had our venue statute provided that an action may be brought where the tort "accrued," as opposed to where it was "committed."

We therefore reverse the order of the trial court and order that the venue be changed to Yellowstone County.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Chief Justice Frank I. Haswell and Mr. Justice Frank B. Morrison, Jr., dissent and will file a written dissent later.

- 8 -

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 83-396

THOMAS HOWARD, As Guardian ad
litem for BETTY K. HOWARD,

Plaintiff and Respondent,

v.

DOONER LABORATORIES, INC., a
Pennsylvania corporation, and
and MACIEJ TOMASZEWSKI, M.D.,

Defendants and Appellants.

FILED

AUG 8 - 1984

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

DISSENT

Majority Opinion Decided: July 23, 1984

Dissent Filed: August 8, 1984

Mr. Chief Justice Frank I. Haswell, dissenting:

I dissent. In my view the Fergus County District Court properly denied the appellants' motion to change venue from Fergus County to Yellowstone County.

The venue statute at issue, section 25-2-102, MCA, provides that an alleged tort may be tried in the county where the tort was committed. A tort consists of a breach of duty and damages proximately caused by the breach. Joseph v. Hustad Corporation (1969), 153 Mont. 121, 454 P.2d 916. In other words, before a tort can be committed there must be damage.

The tort in the present case was not committed until the damage occurred in Fergus County. Therefore, the alleged tort of malpractice was committed in Fergus County and venue was proper in that jurisdiction.

The majority rejects the reasoning set forth above and asserts that choice of forum should not be based "on the fortuitous fact that the patient happened to be in a particular county when he or she first noticed the ill effects" of the alleged malpractice.

I suggest that suffering the ill effects of negligent health care is never a fortuitous event. There is little chance that the policies of our venue statutes will be disserved by allowing such actions to proceed where the patient or victim suffered damage or injury as the result of the alleged negligent conduct.

The physician in the present case allegedly owed the patient a duty of care that extended to the patient's home in Fergus County. This duty or obligation was breached by an alleged failure to monitor the patient's condition in Fergus County. This allegation of tortious conduct, which appears

2

on the face of the plaintiff's complaint, was sufficient in itself to keep venue in Fergus County. See Hopkins v. Scottie Homes, Inc. (1979), 180 Mont. 498, 591 P.2d 230. The occasion of damages in this case was clearly in Fergus County. The majority has neatly sidestepped our recent decision of Whalen v. Snell (Mont. 1983), 667 P.2d 436, 40 St.Rep. 1283. In Whalen we held that a tort is committed where there is a concurrence of breach of obligation and the occasion of damages. Since the plaintiff's complaint alleges both an obligation breached and damages suffered within Fergus County, venue was proper there.

_____
                Chief Justice


Mr. Justice Frank B. Morrison, Jr.:

    I concur in the foregoing dissent of Mr. Chief Justice Haswell.

_____
                Justice