No. 85-588

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

CARSON H. VEHRS, JR.,

        Plaintiff and Appellant,

  -vs-

CHARLES F. MOSES AND THE MOSES
LAW FIRM,

        Defendants and Respondents.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        Patrick A. Holt and Dan Torgenrud, Lolo, Montana

      For Respondent:

        Garlington, Lohn & Robinson; Susan P. Roy & Sherman V.
Lohn, Missoula, Montana

_____

Submitted on Briefs: Jan. 30,1986

Decided: April 1, 1986

Filed: **APR 1 - 1986**

_____
           Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Plaintiff Carson Vehrs, Jr., appeals the September 3, 1985, order of the Fourth Judicial District Court granting a change of venue from Missoula County to Yellowstone County. We affirm.

In March of 1978, Carson Vehrs (Vehrs) retained the legal services of Charles Moses (Moses) to defend Vehrs in criminal proceedings filed against him in Missoula County, Montana, relating to Vehrs' conduct while employed at the University of Montana. Vehrs met with Ralph Wright, one of Moses' partners, in Missoula County, in order to retain Moses. All legal fees paid by Vehrs to Moses were delivered to Mr. Wright in Missoula County.

Vehrs maintained complete innocence on all charges. Moses agreed to conduct his defense in a manner which would not prejudice Vehrs' statutory right to recover costs and expenses resulting from the charges, and if necessary, Moses would represent Vehrs in a subsequent civil suit to recover Vehrs' costs and damages.

On October 24, 1978, a jury found Vehrs not guilty on the charge of felony theft. Shortly thereafter, a charge of official misconduct against Vehrs was dismissed. On January 18, 1979, Vehrs pled guilty to a misdemeanor charge of selling wine without a license.

Following termination of the criminal proceedings, Moses informed Vehrs that Vehrs was entitled to reimbursement for his legal expenses pursuant to § 2-9-305(4), MCA, (1978), which states:

> (4) In any action in which a governmental entity employee is a party defendant, the employee shall be indemnified by the governmental entity employer for any money judgments or legal expenses to which he may be subject as a result of

2

> the suit unless the conduct upon which
> the claim is brought did not arise out of
> the course and scope of his employment or
> is an intentional tort or felonious act
> of the employee.

On October 3, 1979, Moses presented a claim for reimbursement to University of Montana legal counsel in Missoula. The Board of Regents denied the claim on July 22, 1980. Moses informed Vehrs the only remaining avenue was to file a civil suit.

On February 27, 1981, Moses filed a complaint on behalf of Vehrs in the Fourth Judicial District Court, County of Missoula, requesting reimbursement for expenses and damages arising out of the criminal proceedings against Vehrs. Following discovery and a summary judgment motion by defendants, count I of the complaint, which focused on Vehrs' claim to reimbursement under § 2-9-305(4), MCA, was dismissed by the district judge in a summary judgment order dated July 14, 1982. Moses appealed the summary judgment order; this Court dismissed the appeal as being premature on November 12, 1982.

On July 19, 1983, following hearing, count IV of the complaint was dismissed. This order was appealed and affirmed by this Court in Vehrs v. Piquette, Mitchell, et al., (Mont. 1984), 684 P.2d 476, 41 St.Rep. 1110. During the ensuing months Vehrs attempted to contact Moses concerning the status of the case, but Moses did not respond. The case was never set for trial.

On July 12, 1985, Vehrs filed a legal malpractice action in Missoula County against Moses. The complaint alleged negligence, breach of contract, breach of fiduciary duty, constructive fraud, and willful delay. Some of these acts were alleged to have occurred in Missoula. Defendants filed a motion for dismissal and change of venue to Yellowstone

3

County, the location of Moses' law office. The district judge granted change of venue by order dated September 3, 1985.

On appeal, the sole issue is whether the District Court erred in granting change of venue to Yellowstone County.

Although the order granting change of venue was entered September 3, 1985, the 1985 amendments to the venue provisions in the Montana Code, effective October 1, 1985, apply to this appeal. See Weiss v. State (Mont. 1986) ____ P.2d ____, 43 St.Rep. 82.

The district judge relied primarily upon Whalen v. Snell (Mont. 1983), 667 P.2d 436, 40 St.Rep. 1283, in granting a change of venue. In Whalen, the issue was proper venue where an attorney was suing a former client for non-payment of fees. We found venue to be proper in the county where the attorney's office was located rather than in the county of defendant's residence.

Vehrs' complaint sounds primarily in tort, therefore we look to § 25-2-122, MCA, which provides proper venue for a tort action to be where defendant resides, or where the tort was committed.

In Whalen, we said: "For the purposes of venue, a tort is committed where there is a concurrence of breach of obligation and the occasion of damages." 667 P.2d 437, 40 St.Rep. 1285. The damages suffered by Vehrs occurred when the statute of limitations ran on his statutory right to reimbursement for the legal fees he had incurred.

The location of Moses' alleged breach of obligation is a difficult question. Vehrs' complaint alleges Moses negligently filed a claim with University of Montana legal counsel in Missoula rather than with the Department of Administration in Helena. Thereafter, Vehrs' statutory claim for

4

reimbursement was dismissed from the civil suit in Missoula County as not being within the statute of limitations. Vehrs argues Moses' negligence occurred in Missoula, where Moses pursued Vehrs' claim for reimbursement. Moses contends any alleged tort occurred in Yellowstone County, where preparation for the case occurred, or in Helena, where the claim should have been filed. We find venue was proper in Yellowstone County and affirm the District Court.

If any recovery of fees could arguably be made under § 2-9-305(4), MCA, (1978), a claim would first have to be filed with the Department of Administration pursuant to § 2-9-301, MCA, (1978). Section 2-9-302, MCA, (1978) provides claim filing is governed by statutes of limitation governing other actions. Here, a claim would have to be filed within two years from October 28, 1978, pursuant to § 27-2-211, MCA, (1978).

The concurrence of damages and the alleged breach of duty by Moses occurred on the date the statute of limitations ran. Moses may arguably have been negligent in pursuing the civil action in Missoula. However, there was no harm until the statute of limitations ran on filing a claim in Helena, Lewis & Clark County. If there was a concurrence of damages and breach of obligation, it was when Moses failed to file in Helena and the statute of limitations ran. A tort, if one occurred at all, would have resulted from the inaction in Yellowstone County, the site of Moses' law office.

Affirmed.

_____
Justice

5

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6