DA 08-0504

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 293

ANDREW DEICHL,

  Plaintiff and Appellee,

v.

KATHERINE SAVAGE and JAY TORGERSON,

  Defendants and Appellants.

APPEAL FROM:   District Court of the Second Judicial District,
  In and For the County of Butte/Silver Bow, Cause No. DV-08-47
  Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

  For Appellants:

  Court E. Ball; Towe, Ball, Enright, Mackey & Sommerfeld, PLLP;
  Billings, Montana

  For Appellee:

  John Thomas Johnston; Joyce, Johnston & MacDonald; Butte, Montana

  Submitted on Briefs:  May 6, 2009

  Decided:  September 1, 2009

Filed:

  _____
  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Katherine Savage and Jay Torgerson (Savage and Torgerson) appeal from the September 9, 2008 Order of the Second Judicial District Court, Silver Bow County, denying their motion for change of venue from Silver Bow County to Yellowstone County.  We reverse.

¶2    We consider the following issue:

¶3    Did the District Court err by denying Savage and Torgerson's motion to change venue, determining Silver Bow County to be the proper venue?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    This matter began with a transaction in which Savage and Torgerson sold a horse to Plaintiff Andrew Deichl (Deichl) in Yellowstone County, Montana.  The complaint alleges that, in response to a classified newspaper advertisement offering a gelding for sale, Deichl contacted Savage and Torgerson and advised them he was interested in purchasing a gentle and broken horse for use by a friend's teenage daughter, who was a novice rider.  Savage and Torgerson allegedly represented to Deichl that their gelding was gentle and would be suitable for riding by a teenage person with little or no riding experience.  Deichl looked at the horse in Yellowstone County and rode the horse in a riding pen, then purchased the gelding from Savage and Torgerson in November 2006. In April 2007, Deichl decided to ride the horse and was thrown from it, knocked unconscious and sustained a head injury.

¶5 Deichl filed a complaint alleging two claims against Savage and Torgerson, one for negligent misrepresentation and one for breach of implied warranty of fitness for a particular purpose. Deichl filed his complaint in Silver Bow County, his county of residence and the county where he was allegedly injured. Savage and Torgerson moved for a change of venue to Yellowstone County, their place of residence and the county where the sale of the horse took place. The District Court denied the motion, determining Silver Bow County was the appropriate venue. Savage and Torgerson appeal.

## STANDARD OF REVIEW

¶6 The determination of whether a county represents the proper place for trial presents a question of law that involves the application of the venue statutes to pleaded facts. *Circle S Seeds of Montana, Inc. v. Montana Merchandising Inc.*, 2006 MT 311, ¶ 5, 335 Mont. 16, 157 P.3d 671. Our review of a district court's grant or denial of a motion to change venue is plenary, and we determine whether the district court's ruling was legally correct. *Circle S Seeds*, ¶ 5.

## DISCUSSION

¶7 ***Did the District Court err by denying Savage and Torgerson's motion to change venue, determining Silver Bow County to be the proper venue?***

¶8 The Montana venue statutes are found in Title 25, Chapter 2, MCA. Generally, the proper venue for a civil action is the county in which the defendant resides, unless an exception to that general rule applies. Section 25-2-118(1), MCA. Section 25-2-121, MCA governs venue for contract actions and provides that the proper venue for a contract claim is either "(a) the county in which the defendants, or any of them, reside at the

commencement of the action; or (b) the county in which the contract was to be performed." Section 25-2-121(1), MCA. Section 25-2-122, MCA governs venue for tort actions and provides that the proper place of trial for a tort claim is "(a) the county in which the defendants or any of them reside at the commencement of the action; or (b) the county in which the tort was committed." Section 25-2-122(1), MCA. That provision further provides that if a tort is "interrelated with and dependant upon a claim for breach of contract, the tort was committed, for the purpose of determining the proper place of trial, in the county in which the contract was to be performed." Section 25-2-122(1)(b), MCA. If more than one county is a proper venue, "an action brought in any such county is brought in a proper county . . . ." Section 25-2-115, MCA.

¶9     Savage and Torgerson argue that Deichl's claim for negligent misrepresentation lies in Yellowstone County because it is "(1) the Defendants' county of residence, (2) the place for performance of the underlying contract between the parties, and (3) the place of the occurrence of the alleged tort." They also argue the tort of negligent misrepresentation does not contain an "accrual" element and is not a "continuous" or "portable" tort, and thus occurred in Yellowstone County and not Silver Bow County. They assert that venue for the claim of breach of implied warranty of fitness for a particular purpose should likewise be Yellowstone County, because that cause of action "sounds in contract under the Montana Uniform Commercial Code (UCC), and venue is proper where the contract is to be performed."

4

¶10 Deichl argues the District Court properly determined the venue to be Silver Bow County pursuant to this Court's holding in *Circle S Seeds*. Citing that holding, Deichl argues that a tort has been committed for the purposes of determining venue "where there is a concurrence of breach of obligation *and* the occasion of damages." According to Diechl, the concurrence here did not occur "until Andy [Deichl] was injured when thrown from the horse in Silver Bow County."

¶11 The parties only briefly argue about the application of that portion of § 25-2-122(1)(b), MCA, which provides that when a tort claim is "interrelated with and dependant upon a claim for breach of contract," proper venue is the county in which the contract was to be performed. Savage and Torgerson argue that Deichl's negligent misrepresentation claim is interrelated with and dependent upon the contract claim for breach of implied warranty of fitness for a particular purpose. The District Court rejected this argument, reasoning that Deichl primarily alleged the tort of negligent misrepresentation and that the implied warranty claim was a "supplemental" claim, and concluding that the tort claim was independent of the warranty claim. Deichl's complaint contains two distinct and separate counts, one for negligent misrepresentation, a tort claim, and the other for breach of warranty of implied fitness for a particular purpose, a claim arising out of the parties' contract for the sale of the horse. While both claims are based upon the same facts, the legal claims presented in the complaint are distinct. Deichl could proceed on either claim independently of the other. Given the plain language of § 25-2-122(1)(b), MCA, we conclude that Deichl's tort claim is not

5

"interrelated with and dependant upon" his claim for breach of contract, and venue is not determined by application of this provision. We thus turn to the parties' arguments under the other venue statutes.

¶12 Deichl's claim for breach of implied warranty of fitness for a particular purpose is governed by Montana's UCC, which provides that "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose." Section 30-2-315, MCA. Thus, under the UCC, Deichl's claim for breach of implied warranty of fitness for a particular purpose sounds in contract. Venue is proper for a contract claim in the county where the contract was to be performed. Section 25-2-121(b), MCA. Here, the contract for sale of the horse was performed in Yellowstone County, making that county a proper venue for the claim.

¶13 However, although Yellowstone County is a proper venue for the contract claim, as well as the location of the defendants, Deichl argues that Silver Bow County is also a proper venue because that is where the "concurrence of breach of obligation and the occasion of damages" occurred and, therefore, is where the tort was "committed" for venue purposes under our holding in *Circle S Seeds*. Savage and Torgerson respond that the District Court "fundamentally misapplied the 'concurrence of breach and damages' language discussed in *Whalen v. Snell* . . . and its progeny [including *Circle S Seeds*],

6

purporting to establish a new blanket rule for venue that allows a plaintiff to file a lawsuit in any county in which he claims to have experienced damages."

¶14 In *Whalen v. Snell*, 205 Mont. 299, 302, 667 P.2d 436, 437 (1983), we stated that "[f]or the purposes of venue, a tort is committed where there is a concurrence of breach of obligation and the occasion of damages." However, we have declined to adopt, pursuant to that statement, a "portable tort" theory under which a tort "arises" for purposes of venue in the location where damages occurred. In *Howard v. Dooner Laboratories, Inc.*, 211 Mont. 312, 688 P.2d 279 (1984), a doctor prescribed medication in Yellowstone County and the patient later took the medication in Fergus County, experiencing adverse reactions and sustaining injury there. The Court determined the tort was "committed" for the purposes of determining venue where the act of medical negligence took place—where the doctor examined and diagnosed the patient, and prescribed the medication—rather than where the patient ingested the medication and allegedly suffered injuries. We stated that "[i]n reaching this holding, we recognize but do not adopt the minority view—i.e., that a tort is 'portable' and arises wherever the damages arise," noting that such a theory would be inconsistent with our statutes, which direct that a tort is to be brought where it was "committed," not where it "accrued." *Dooner Laboratories*, 211 Mont. at 318, 688 P.2d at 282. We reasoned that "if [the] defendant was guilty of malpractice, it was through his acts of diagnosis and prescription in Yellowstone County, and venue is proper there." *Dooner Laboratories*, 211 Mont. at 318, 688 P.2d at 282.

7

¶15 We have likewise declined to date to adopt a "continuous" tort theory for purposes of venue. In *Woolcock v. Beartooth Ranch*, 196 Mont. 65, 637 P.2d 520 (1981), the plaintiff filed a complaint in Cascade County alleging the defendants had intentionally, falsely and fraudulently made representations about a bull to induce the plaintiff to purchase the bull at an auction in Stillwater County. The District Court granted defendants' motion for change of venue from Cascade County to Stillwater County. *Woolcock*, 196 Mont. at 66, 637 P.2d at 521. We affirmed, determining that Stillwater County was the proper venue for plaintiff's alleged tort of fraudulent misrepresentation because the defendants resided there, the transaction was entered into there, and payment upon the contract was made there. We rejected plaintiff's argument that the tort was "continuous in nature," reasoning that "the entire action culminated in Stillwater County." *Woolcock*, 196 Mont. at 68-69, 637 P.2d at 522.

¶16 In *Vehrs v. Moses*, 220 Mont. 473, 716 P.2d 207 (1986), Defendant Moses was an attorney whose place of business was in Yellowstone County. Moses first represented Vehrs on criminal charges in Missoula County, where Vehrs resided. After resolving the criminal matter, Moses filed a related civil action for reimbursement on behalf of Vehrs in Missoula County, but allegedly failed to first file a claim with the Department of Administration in Lewis and Clark County, leading to dismissal of the action as time barred under the statute of limitations. Vehrs then filed a legal malpractice action against Moses in Missoula County, alleging that Moses' negligence had occurred in Missoula County, where Moses had filed the civil action and pursued Vehrs' claim for

8

reimbursement, or in Lewis and Clark County, where the claim should have been filed. Although citing the "concurrence of breach of obligation and the occasion of damages" language from *Whalen*, we nonetheless concluded that "[i]f there was a concurrence of damages and breach of obligation, it was when Moses failed to file in Helena and the statute of limitations ran. A tort, if one occurred at all, would have resulted from the inaction in Yellowstone County, the site of Moses' law office." *Vehrs*, 220 Mont. at 476, 716 P.2d at 209. Despite Vehrs' argument that the tort occurred in Missoula, we concluded that venue was proper only in Yellowstone County.

¶17 These cases illustrate that general application of the tort venue statute, § 25-2-122, MCA, requires a tort action to be filed either in the county where the defendant resides under 122(1)(a), or in the county where the offending actions of the tort were taken or committed, under 122(1)(b). For certain unique claims, however, we have determined a separate venue to be proper where damages occurred in a different county from the other elements of the tort. *Circle S Seeds* involved a trademark infringement claim for which we concluded the "concurrence of breach of obligation and the occasion of damages" occurred in Gallatin County, even though other elements of the tort occurred in Cascade County. *Circle S Seeds*, ¶ 18. In that case, following Circle S Seeds' filing of a complaint in Gallatin County alleging trademark infringement, Defendant Montana Merchandising, Inc. (MMI) moved for a change of venue to Cascade County on the grounds that the alleged tort occurred there and MMI resided there. The Court looked to the elements of the claim of trademark infringement and noted that, while MMI's alleged

9

decision to use Circle S Seeds' protected trademark occurred at its business office in Cascade County, the alleged breach of the duty not to interfere with Circle S Seeds' business actually "reached fruition . . . when [MMI] widely distributed its products containing the allegedly illegal trademark to the marketplace . . . ." *Circle S Seeds*, ¶ 19. Thus, we concluded that the widespread distribution of the offending products made Gallatin County a proper venue in the matter because "the concurrence of breach of obligation and the occasion of damages" occurred in numerous locations, one of which was Gallatin County. *Circle S Seeds*, ¶ 19.

¶18    Circle S Seeds is unique in that the Defendant's allegedly tortious actions took place in multiple counties. Further, *Circle S Seeds* relied upon our holding in *Gabriel v. School District No. 4, Libby*, 264 Mont. 177, 870 P.2d 1351, a case involving another unique claim, wrongful death. We held that because death is a "necessary element" in a wrongful death action, the tort of wrongful death cannot "arise" for venue purposes until the death occurs, making the county where the death occurs a proper venue. *Gabriel*, 264 Mont. at 180, 870 P.2d at 1352. The Court in *Gabriel* noted that the nature of the tort of wrongful death is distinct from other torts, such as the medical malpractice tort addressed in *Dooner Laboratories*. *Gabriel*, 264 Mont. at 181, 870 P.2d at 1353. A wrongful death claim inherently possesses an accrual element because "death is a critical, and the final, element in the accrual of a wrongful death action." *Gabriel*, 264 Mont. at 180, 870 P.2d at 1352.

¶19    The unique aspects of those cases do not apply in this case, which we are persuaded is more analogous to *Dooner Laboratories*, *Woolcock*, and *Vehrs*. The tort of negligent misrepresentation at issue here contains the following elements:

> a) the defendant made a representation as to a past or existing material fact;
> b) the representation must have been untrue; c) regardless of its actual belief, the defendant must have made the representation without any reasonable ground for believing it to be true; d) the representation must have been made with the intent to induce the plaintiff to rely on it; e) the plaintiff must have been unaware of the falsity of the representation; it must have acted in reliance upon the truth of the representation and it must have been justified in relying on the representation; f) the plaintiff, as a result if his or her reliance, sustained damage.

*Osterman v. Sears, Roebuck & Co.*, 2003 MT 327, ¶ 32, 318 Mont. 342, 80 P.3d 435. We recognized in *Dooner Laboratories* that Montana's general venue statues do not generally situate venue in the location where damages "accrue" but rather where the tortious activity is "committed." *Dooner Laboratories*, 211 Mont. at 317, 688 P.2d at 282. For all practical purposes, this alleged tort was committed in Yellowstone County.

¶20    Unlike *Gabriel*, the tort of negligent misrepresentation does not contain an inherent "accrual" element, but rather is committed in the location where the misrepresentation takes place. Savage and Torgerson's alleged tortious conduct was in misrepresenting the nature of the horse, which was followed by Deichl's reliance on that information, all of which occurred in Yellowstone County. There could be no "concurrence" of breach of obligation and occasion of damages in Silver Bow County because, unlike the alleged actions covering multiple counties by the defendant in *Circle S Seeds*, Savage and Torgerson took no actions and committed no breach in that county.

11

Accordingly, we hold the tort was "committed" for venue purposes in Yellowstone County.

¶21 We reverse and remand to the District Court for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER

Justice Brian Morris dissents.

¶22 I respectfully dissent. Section 25-2-115, MCA, recognizes that more than one county may serve as a proper place of trial on a tort action. The Court determines that Yellowstone County constitutes the only appropriate venue for this action. As we held in *Circle S Seeds*, however, a tort is committed for the purposes of determining venue "where there is a concurrence of breach of obligation and an occasion of damages." *Circle S Seeds*, ¶ 18. As the District Court noted, this litigation involved an alleged representation made by Savage and a resulting injury to Deichl in Silver Bow County. The elements of the alleged tort of negligent misrepresentation had not been realized fully until Deichl suffered the injuries in Silver Bow County. Deichl had no cause of

12

action until the horse threw him and he suffered the consequent damages.  He hit the ground in Silver Bow County.

/S/ BRIAN MORRIS

Chief Justice Mike McGrath joins in the foregoing dissent.

/S/ MIKE McGRATH

13