FILED

February 27 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0173

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 44

DELLA YEAGER, individually and on behalf of her
Minor Daughter, VERONICA RIPHENBURG,

      Plaintiffs and Appellants,

  v.

MICHAEL MORRIS, JR., MICHAEL MORRIS, SR.,
and DOES 1-50 inclusive,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. BCV-11-0694
                 Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Dennis P. Conner, Gregory G. Pinski, Conner & Pinski, PLLP,
                Great Falls, Montana

                Lynn D. Baker, Attorney at Law, Great Falls, Montana

        For Appellees:

                Michael A. Morris, Jr. (Self-Represented), Augusta, Montana

                Michael H. Morris, Sr. (Self-Represented), Choteau, Montana

Submitted on Briefs:  November 14, 2012

Decided:  February 26, 2013

Filed:

_____
                         Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Della Yeager and her minor daughter, Veronica Riphenburg, were injured when their vehicle was involved in a collision with a pickup truck driven by Michael Morris, Jr. (Morris, Jr.), a Glacier County resident. The pickup truck was owned by Michael Morris, Sr. (Morris, Sr.), a Teton County resident. The collision occurred in Teton County but Yeager's vehicle was then propelled across the county line and came to rest in Cascade County. Yeager filed a complaint in Cascade County against both men claiming Morris, Jr. was negligent in his operation of the vehicle and that Morris, Sr. negligently entrusted his son with the pickup truck. Morris, Jr., acting as a self-represented litigant, moved to change the venue to Glacier or Teton counties asserting Cascade County was not a proper venue. The Eighth Judicial District Court agreed and granted the motion, moving the proceeding to Glacier County. Yeager appeals. We affirm.

## ISSUE

¶2 Did the District Court err in determining Cascade County was an improper place for trial?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On March 19, 2011, Yeager and her daughter were traveling just inside the Teton County line when their vehicle was struck by a pickup truck driven by Morris, Jr., who had failed to stop at a stop sign. It is undisputed that the collision occurred in Teton County, and that Yeager's car came to rest in Cascade County. Yeager and her young daughter were injured in the accident.

¶4 On August 3, 2011, Yeager filed a complaint in the Eighth Judicial District Court in Cascade County asserting that Morris, Jr.'s negligent driving caused the accident. She also asserted that based upon Morris, Jr.'s "poor driving record," Morris, Sr. negligently entrusted his son with the truck. Yeager demanded a jury trial and sought damages for medical expenses, past and future emotional distress, and for mental and physical pain, among other claims of injury.

¶5 On October 24, 2011, Morris, Jr., acting without counsel, filed an Answer, a Motion to Dismiss with a brief in support, and a Motion to Change Venue with a brief in support. The court clerk date-stamped and filed each document. The time of entry for all five documents was 12:40 p.m. Morris, Jr. later asserted that he presented his pleadings to the court clerk in a specific order with the Motion to Change Venue first, followed by the brief in support, the Motion to Dismiss, its brief in support, and the Answer. The Motion to Change Venue asked that the matter be transferred to either Teton County where defendant Morris, Sr. resided and where the accident occurred, or to Glacier County where defendant Morris, Jr. resided. Morris, Jr. argued that Cascade County was not a proper venue for the proceeding, and that the District Court must therefore grant his motion to change the place of trial to a designated county, as required under § 25-2-201, MCA.

¶6 Yeager opposed the motions to change venue and to dismiss.[1] She first argued that Morris, Jr. waived his right to have venue changed because he did not file his Motion to Change Venue *before* he filed his Answer as required by applicable statutes. Moreover, she claimed that Morris, Jr.'s Answer did not raise venue as a defense. Yeager further argued that the injuries resulting from Morris, Jr.'s tortious negligence occurred in Cascade County, making Cascade County a proper venue for her action.

¶7 On February 16, 2012, the District Court granted Morris, Jr.'s motion to change venue and transferred the matter to Glacier County. As an initial matter, the court refused to deny Morris, Jr.'s motion to change venue based upon waiver, noting the circumstances under which Morris, Jr. presented multiple simultaneous pleadings to the court clerk. The District Court explained that the "order in which [the documents] were docketed by the Clerk of Court is purely a matter of chance which is dictated by the Clerk of Court and not the parties." The District Court then expressly determined that Cascade County was not a proper venue for this action because the tort of negligent driving was "committed" in Teton County and the defendants lived in Teton and Glacier counties. Lastly, the court declined to rule on Morris, Jr.'s motion to dismiss, determining it was proper to allow the District Court in Glacier County to render that ruling.

¶8 Yeager appeals.

## STANDARD OF REVIEW

---

[1] We do not address Morris, Jr.'s Motion to Dismiss in this Opinion because after granting his motion to change venue, the District Court did not address the Motion to Dismiss nor did Yeager raise the court's failure to address the motion on appeal.

¶9     The determination of whether a county represents the proper place for trial presents a question of law that involves the application of the venue statutes to pleaded facts. Our review of a district court's grant or denial of a motion to change venue is plenary, and we determine whether the district court's ruling was legally correct. *Deichl v. Savage*, 2009 MT 293, ¶ 6, 352 Mont. 282, 216 P.3d 749.

## DISCUSSION

¶10    *Did the District Court err in determining Cascade County was an improper place for trial?*

¶11    This is a tort action.   Section 25-2-122(1), MCA, sets forth the criteria for determining the proper place of trial for a tort action:   (a) the county in which the defendants or any of them reside at the commencement of the action; or (b) the county in which the tort was committed.   It is undisputed that neither of the defendants resided in Cascade County at the commencement of the action.   Therefore, for Cascade County to be considered a proper place for trial, then the tort must have been committed in Cascade County.   Yeager argues that since she sustained her injuries in Cascade County, the tort was arguably completed there, thus making Cascade County a proper venue for trial.

¶12    Yeager urges us to apply the venue rationale set forth in *Circle S Seeds of Mont., Inc. v. Mont. Merch., Inc.*, 2006 MT 311, 335 Mont. 16, 157 P.3d 671.  In *Circle S*, Circle S sued Montana Merchandising, Inc. (MMI) in Gallatin County for trademark infringement.   A dispute on venue arose with Circle S, a Gallatin County company, arguing Gallatin County was the proper venue and MMI, the defendant whose corporate offices were located in Cascade County, asserting that the decisions leading to Circle S's

claim of trademark infringement took place in MMI's Cascade County offices. The District Court ruled that Gallatin County was the proper venue for the action and MMI appealed. We affirmed the District Court by ruling that a "tort is committed . . . where there is a concurrence of breach of obligation and the occasion of damages." *Circle S*, ¶ 18. We held that Circle S experienced its damages in Gallatin County. *Circle S*, ¶¶ 19, 21.

¶13 Morris, Jr. argues on appeal that his "breach of obligation" or "cause of negligence" occurred in Teton County when the two vehicles collided. Morris, Jr. relies on *Howard v. Dooner*, 211 Mont. 312, 688 P.2d 279 (1984), and *Deichl*. He maintains that since the tort occurred in Teton County and the defendants resided in Glacier and Teton Counties, only those two venues are proper, and that the District Court was therefore correct in granting his motion to change venue.

¶14 In *Howard*, a Fergus County resident travelled to Yellowstone County to see an allergy doctor, who prescribed a particular medication. When the patient arrived home, she ingested the medication and suffered adverse reactions and injury. She sued the prescribing physician and the manufacturer of the medication, Dooner Labs, in the Tenth Judicial District Court of Fergus County. The defendant doctor moved to have venue changed to Yellowstone County. *Howard*, 211 Mont. at 313, 688 P.2d at 279. The doctor claimed that if he committed malpractice, he did so in Yellowstone County. Howard countered that the tort was not complete until she suffered injury which occurred in Fergus County. We noted that when a breach and the damages resulting from the

6

breach occur in different counties, a "fundamental requirement" in determining venue is "fairness to the defendant." *Howard*, 211 Mont. at 315-16, 688 P.2d at 280.

¶15 Focusing on the location where the doctor "committed" the breach, we stated,

> [W]e recognize but do not adopt the minority view—i.e., that a tort is "portable" and arises wherever the damages arise. States such as Florida which have adopted this approach have venue statutes that provide that an action may be brought wherever the tort "accrued," not where it was "committed." We may have reached a different conclusion had our venue statute provided that an action may be brought where the tort "accrued," as opposed to where it was "committed."

*Dooner*, 211 Mont. at 318, 688 P.2d at 282 (internal citation omitted). As a result, we reversed the district court in *Howard* and directed venue of the proceeding changed to Yellowstone County.

¶16 Subsequently, in *Deichl*, Deichl, a Butte-Silver Bow County resident, purchased a horse from Yellowstone County residents Savage and Torgerson upon the sellers' representation that the gelding was gentle and would be a suitable horse for a young and inexperienced rider. Several months later, Deichl, while riding the horse in Butte-Silver Bow County, was thrown from the horse and sustained a head injury. He filed suit in the Second Judicial District Court for Butte-Silver Bow County. Savage and Torgerson moved to change venue to Yellowstone County, arguing that if they negligently misrepresented the fitness of the animal, the tort was committed in their county of residence, Yellowstone County. The district court denied their motion and they appealed. *Deichl*, ¶¶ 4-5. We reversed, analyzing several cases including *Howard*, *Circle S*, and *Gabriel v. School Dist. No. 4*, 264 Mont. 177, 870 P.2d 1351 (1994). We observed that unlike the wrongful death claim in *Gabriel*, "the tort of negligent misrepresentation does

7

not contain an inherent 'accrual' element, but rather is committed in the location where the misrepresentation takes place." *Deichl*, ¶ 20. Moreover, we stated that "unlike the alleged actions covering multiple counties by the defendant in *Circle S Seeds*, Savage and Torgerson took no actions and committed no breach in [Butte-Silver Bow] county." Accordingly, we held that Savage and Torgerson "committed" the tort of negligent misrepresentation for venue purposes in Yellowstone County. *Deichl*, ¶ 20. Similarly, here, the defendants committed no tort in Cascade County; the tort was committed in Teton County.

¶17    As we noted at ¶ 18 in *Deichl*, *Circle S* presented a unique situation. In *Circle S*, the tort of trademark infringement took place in multiple counties, while here, the tort was indisputably committed in one county only—Teton County. We cannot ignore the language of § 25-2-122(1), MCA, which provides that the proper place for trial is the county in which the tort was committed. *Circle S* is inapposite here, and as we did in *Deichl*, we decline to apply the specific holding of that case to the simple, straightforward tort case before us.

¶18    If an action is brought in a county that is not a proper place for trial, then the court must, on motion, change the place of trial. Section 25-2-201(1), MCA. Given the clear requisites of § 25-2-122(1), MCA, Cascade County was not a proper place for trial. Therefore, the District Court did not err in granting the motion for change of venue filed by Morris, Jr.

¶19    Affirmed.

8

/S/ PATRICIA COTTER

We concur:

/S/ BETH BAKER
/S/ JIM RICE

/S/ G. TODD BAUGH
District Court Judge G. Todd Baugh
sitting for Justice Laurie McKinnon

Justice Brian Morris dissents.

¶20     We previously rejected the argument that, for the purposes of determining venue, a "tort occurs" only where the breach of duty occurs. *Circle S Seeds*, ¶¶ 8, 18. We recognized instead that a tort occurs "'where there is a concurrence of breach of obligation and the occasion of damages.'" *Circle S Seeds*, ¶ 18, *quoting BHC Holding Co. v. Hurly*, 242 Mont. 4, 6, 788 P.2d 322, 323 (1990). We determined that venue would be proper either in the county where the breach of duty occurred or the county where the damage occurred. *Circle S Seeds*, ¶¶ 18, 19, *citing Hurly*, 242 Mont. at 6, 788 P.2d at 323-24 (analyzing both where breach occurred and where damages occurred).

¶21     We reversed course in *Deichl* where this Court held that the county where the breach of the duty occurred constituted the only proper venue. *Deichl*, ¶ 22. Deichl actually suffered damages in Silver Bow County, while the alleged breach of duty in a negligent misrepresentation claim had taken place in Yellowstone County. The Court

9

nonetheless determined that the county in which Diechl actually had suffered damages constituted an improper venue. *Deichl*, ¶ 19. The Court focused on the fact that the tort of negligent misrepresentation does not contain an inherent "accrual" element. *Deichl*, ¶ 20. The Court rejected Silver Bow County as a proper venue in light of the fact that the defendants had taken "no actions and committed no breach in that county." *Deichl*, ¶ 20. I dissented in *Deichl* on the basis that the elements of the tort were not complete, and Deichl had no cause of action, until he actually suffered damages in Silver Bow County. *Deichl*, ¶ 22.

¶22 The Court again has determined that the breach of duty represents the only relevant element of a tort for the determination of venue. Morris breached his duty of care in Teton County. The vehicles collided in Teton County. The collision propelled Yeager's vehicle across the county line into Cascade County. Thus, unlike the defendants in *Deichl*, at least a portion of Morris's actions took place in Cascade County. Yeager further alleged in her complaint that she suffered damages in Cascade County. Pursuant to *Circle S Seeds* and *Hurly*, where we considered both where the breach occurred and where the damage occurred, either Cascade County or Teton County would qualify as a proper venue.

¶23 The Supreme Court of Indiana considered nearly identical facts to the unusual case before this Court. *Randolph County v. Chamness*, 879 N.E.2d 555 (Indiana 2008). A motor vehicle accident began in one county and the vehicle came to rest in a different county. The court held that either county represented a proper venue when a motor vehicle accident begins in one county and the vehicle comes to rest in the other county.

*Chamness*, 879 N.E.2d at 558. No benefit would be gained by declaring only one county to be the proper venue. Witnesses and police reports were just as likely to be found in either or both of the counties. *Chamness*, 879 N.E.2d at 558.

¶24 The Court arbitrarily has decided that the breach of duty qualifies as the only element of a tort relevant for a determination of venue. Section 25-2-115, MCA, recognizes that more than one county may qualify as an appropriate venue. When different elements of a tort occur in different counties we should consider all of these counties as a proper venue. We gain no benefit by declaring Cascade County an improper venue. We should consider equally all of the elements of a tort necessary for a cause of action to accrue. *Circle S Seeds*, ¶ 18. I agree that "[m]ost people would say that this accident occurred in both counties, and if we were to hold that an 'accident or collision' must occur only in one county, we would not add any level of convenience, only a level of disputatiousness." *Chamness*, 879 N.E.2d at 558. I dissent.

/S/ BRIAN MORRIS

Chief Justice Mike McGrath and Justice Michael E Wheat join Justice Brian Morris's dissent.

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT

11