No. 95-311

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

JERRY SWENSON,

    Plaintiff and Appellant,

v.

PAUL JANKE and ALICE JANKE,

    Defendants and Respondents.

FILED

DEC 28 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James Screnar, Angel, Screnar, Coil,
Bartlett & Fay, Bozeman, Montana

    For Respondent:

        J. David Penwell, Attorney at Law,
Bozeman, Montana

Submitted on Briefs:  November 30, 1995

Decided:  December 28, 1995

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiff, Jerry Swenson, filed a complaint in Gallatin County Justice Court to terminate Paul and Alice Janke's tenancy at his mobile home park and to regain possession of the space they occupied. Jankes alleged for their counterclaim that Swenson failed to provide necessary services and attempted to evict them in retaliation for a notice of problems they had sent him. Swenson's claim was dismissed after he failed to appear, and by stipulation, Jankes were awarded attorney fees. Swenson appealed to the District Court for the Eighteenth Judicial District in Gallatin County. After *de novo* consideration of the parties' claims, the District Court dismissed Swenson's claims and held that Swenson failed to provide necessary services and that his attempt to evict was in retaliation for Jankes' notice and for participation in a tenants' association. The District Court awarded Jankes three months' rent as damages, and awarded them their attorney fees. Swenson appeals that decision. We affirm the judgment of the District Court.

We restate the issues on appeal as follows:

1.    Was the District Court's finding of retaliatory conduct clearly erroneous?

2.    Did the District Court err when it awarded damages equal to three months' rent pursuant to § 70-24-311, MCA?

3.    Was Swenson entitled to terminate Jankes' tenancy without cause pursuant to § 70-24-441, MCA?

2

4. Did the District Court abuse its discretion when it awarded $4775 to Jankes for their attorney fees?

## FACTUAL BACKGROUND

In February 1993, Swenson, the operator of Lexley Acres Mobile Park in Belgrade, Montana, served Jankes with a "Notice to Quit and Notice Terminating Tenancy" in an effort to evict them from the mobile home pad they had rented from him on a month-to-month basis since 1986.

Jankes, however, alleged that prior to receipt of the notice they had endured various illegal conditions on the premises, including an inadequate water supply, an overflowing garbage receptacle, raw sewage underneath their mobile home and on the ground adjacent to their mobile home, and a "burn pile" next to their mobile home which created a smoky and unsafe condition.

On July 8, 1992, Jankes had notified Swenson of the above conditions pursuant to § 70-24-406, MCA. In the notice, they stated that because of the conditions, Swenson was in violation of § 70-24-303, MCA, which requires landlords to maintain their premises. They also demanded that he remedy the problems within fourteen days from the date of the notice, however, they allege that he failed to do so.

In November 1992, Jankes joined a tenants' association, and in January 1993, Alice Janke, as a member of the tenants' association for Swenson's mobile home park, appeared before the legislature and testified in support of an amendment to the Landlord and Tenant Act

3

which related to the operation of mobile home parks. The amendment, which subsequently became law, limited the ability of landlords to evict tenants.

On February 4, 1993, approximately two weeks after the hearing which Alice Janke and Swenson attended, Swenson attempted to retake possession of Jankes' space and terminate their tenancy. He served a notice of termination followed by a complaint in Justice Court after they failed to vacate. In his complaint, he alleged that they were unlawfully in possession of the property they leased from him.

Jankes counterclaimed and asserted that Swenson violated the Landlord and Tenant Act when he failed to provide necessary services and when he took retaliatory action. They requested attorney fees and damages equal to the greater of three months' rent or treble damages. They also requested dismissal of his complaint.

In Justice Court, the parties stipulated that a judgment would be entered against Swenson for Jankes' attorney fees in the amount of $350, and that Swenson would be allowed a *de novo* appeal to the District Court. Following the appeal to and a nonjury trial in the District Court, that court dismissed Swenson's claims in their entirety and held that Swenson failed to provide necessary services in violation of Montana law and health department regulations and that his action to terminate Jankes' tenancy was in retaliation for their notice of July 8, 1992, and for Alice Janke's participation

in a tenants' association. The court awarded Jankes $540 in damages--the equivalent of three months' rent--and attorney fees.

ISSUE 1

Was the District Court's finding of retaliatory conduct clearly erroneous?

Whether a landlord has engaged in retaliatory conduct prohibited by statute is a question of fact. Section 70-24-431, MCA, commissioner's comments. The standard of review for the District Court's findings of fact is whether they are clearly erroneous. Rule 52(a), M.R.Civ.P.; *Brown v. Tintinger* (1990), 245 Mont. 373, 377, 801 P.2d 607, 609.

The District Court found that Swenson's actions were retaliatory because he initiated efforts to retake possession of the property before he rectified the problems in Jankes' complaint. The court therefore concluded that Swenson violated § 70-24-431, MCA. On appeal, Swenson contends that the court's finding of retaliation was clearly erroneous.

Section 70-24-431(1), MCA, prohibits retaliatory conduct by a landlord and provides that:

> Except as provided in this section, a landlord may not retaliate by increasing rent, decreasing services, or by bringing or threatening to bring an action for possession after the tenant:
> (a) has complained of a violation applicable to the premises materially affecting health and safety to a governmental agency charged with responsibility for enforcement of a building or housing code;
> (b) has complained to the landlord in writing of a violation under 70-24-303; or

(c)   has organized or become a member of a tenant's union, mobile home park tenant association, or similar organization.

In a letter written on July 8, 1992, Jankes complained to Swenson about several problems. They informed Swenson that he failed to "maintain in a good and safe working order electrical, plumbing and sanitary facilities" and that the "plumbing and sanitary facilities . . . are broken and are in need of repair." The letter also notified Swenson that he failed to provide and maintain appropriate garbage receptacles and failed to supply running water to their home.

At trial, Jankes testified that they joined a tenants' association in November 1992 and that Alice Janke, as a member of that tenant's association, appeared before the 1993 Session of the Montana Legislature and testified in support of an amendment to the Landlord and Tenant Act. The amendment, which related to the operation of mobile home parks and limited the ability of landlords to evict tenants, passed and became law. Swenson attended the hearing at which Alice Janke spoke.

Both Jankes' complaint to Swenson, and Alice Janke's testimony on behalf of the tenant's association occurred prior to Swenson's February 4, 1993, attempt to retake possession of Jankes' space and terminate their tenancy.

Jankes' complaints to Swenson within months of his eviction notice, Swenson's failure to address those complaints, Jankes' membership in the tenants' association and activities on behalf of

that association, and Swenson's disapproval of those activities, provided substantial evidence in support of the District Court's finding of retaliatory conduct.

For these reasons, we hold that substantial credible evidence supports the District Court's finding that Swenson's actions were retaliatory and that the court's finding of retaliatory conduct was not clearly erroneous.

ISSUE 2

Did the District Court err when it awarded damages equal to three months' rent pursuant to § 70-24-311, MCA?

We review a district court's conclusions of law to determine if the court's application of the law is correct. *Carbon County v. Union Reserve Coal Co.* (Mont. 1995), 898 P.2d 680, 686, 52 St. Rep. 529, 533.

The court concluded that pursuant to § 70-24-411, MCA, Jankes were entitled to an award of damages equal to three months rent. However, Swenson claims that § -411 required Jankes to prove purposeful conduct, which they did not do.

Section 70-24-411, MCA, provides in part that:

> If a landlord unlawfully removes or excludes the tenant from the premises or <u>purposefully</u> diminishes services to the tenant by interrupting or causing the interruption of heat, running water, hot water, electricity, gas, or other essential services, the tenant may recover possession or terminate the rental agreement and, in either case, <u>recover an amount not more than 3 months' periodic rent or treble damages, whichever is greater</u>.

(Emphasis added.)

While on its face § 70-24-411, MCA, does require purposeful conduct, the retaliatory conduct statute allows remedies pursuant

7

to § -411 for retaliatory conduct. Specifically, subsection (2) of the statute provides that "[i]f the landlord acts in violation of subsection (1) of this section, the tenant is entitled to the remedies provided in 70-24-411 . . . ." Section 70-24-431(2), MCA.

Here, the court, as discussed in Issue 1, found that Swenson acted in retaliation and concluded that he violated § 70-24-431, MCA. Accordingly, Jankes were entitled to "recover an amount not more than 3 months' periodic rent or treble damages, whichever is greater." Section 70-24-411, MCA. Therefore, we need not discuss whether Swenson acted purposefully to conclude that the District Court correctly awarded damages pursuant to § 70-24-411, MCA.

ISSUE 3

Was Swenson entitled to terminate Jankes' tenancy without cause pursuant to § 70-24-441, MCA?

We next consider Swenson's allegation that as a landlord he is entitled to terminate a tenancy without reason pursuant to § 70-24-441(2), MCA, and is entitled to bring an action for possession if the tenant does not remove himself from the premises.

Section 70-24-441(2), MCA, does allow a landlord to terminate a tenancy, however, the retaliatory conduct statute discussed above provides that "[i]f the landlord acts in violation of subsection (1) of this section, the tenant . . . has a defense in any retaliatory action against him for possession." Section 70-24-431(2), MCA.

8

Here, the District Court found that Swenson acted in retaliation and correctly concluded that such conduct violated § 70-24-431, MCA. Therefore, we conclude that Swenson's violation was a defense to Swenson's action to regain possession.

ISSUE 4

Did the District Court abuse its discretion when it awarded $4775 to Jankes for their attorney fees?

A district court's award of reasonable attorney fees is a discretionary act. *Ihler v. Chisholm* (1993), 259 Mont. 240, 246, 855 P.2d 1009, 1013. Therefore, we will not reverse the district court absent an abuse of discretion. *Ihler*, 855 P.2d at 1013; *see May v. First Nat'l Pawn Brokers* (1995), 270 Mont 132, 134, 890 P.2d 386, 388.

After trial, the court entered judgment in favor of Jankes and awarded damages, attorney fees, and costs. Later, the court held a hearing to determine the amount of the attorney fees, and afterward, awarded Jankes $4775. Swenson does not contend that attorney fees should have been denied, but contends that the amount of attorney fees awarded was unreasonable.

We have stated that in determining what constitutes reasonable attorney fees, the following factors should be considered as guidelines: (1) the amount and character of the services rendered; (2) the labor, time, and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for;

9

(6) the attorneys' character and standing in their profession; and (7) the result secured by the services of the attorneys. *Majers v. Shining Mountains* (1988), 230 Mont. 373, 379-80, 750 P.2d 449, 453; *see also Carkeek v. Ayer* (1980), 188 Mont. 345, 347, 613 P.2d 1013, 1015; *First Security Bank of Bozeman v. Tholkes* (1976), 169 Mont 422, 429-30, 547 P.2d 1328, 1332.

A review of the record reveals not only that Jankes' witness testified to each of the seven factors, but also that Swenson neither objected to nor rebutted this testimony. In fact, at the hearing, counsel for Swenson stated that:

> I'm not questioning the number of hours that Mr. Penwell spent or the $100 fee either. I request that it's more than legitimate for a man of his experience. So any reference to that in my brief should be withdrawn, Your Honor, as to the number of hours.

Therefore, we conclude that the District Court did not abuse its discretion when it awarded fees in the amount of $4775.

Additionally, Jankes have incurred attorney fees because of Swenson's appeal to this Court, and request an additional award. Section 70-24-442, MCA, provides that reasonable attorney fees and costs may be awarded to the prevailing party in an action pursuant to the Residential Landlord and Tenant Act of 1977. Therefore, we conclude that Jankes are entitled to an award of reasonable attorney fees for this appeal.

For these reasons, we affirm the order of the District Court and remand to the District Court for further proceedings to

determine a reasonable attorney fee award for services rendered to the respondents on appeal.

/s/ Terry N. Trieweiler
Justice

We concur:

/s/ [signature]

/s/ William E. Hunt

/s/ [signature]

/s/ Karla M. Gray
Justices

11