No. 02-028

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 327

---

LAURA OSTERMAN,

Plaintiff and Appellant,

v.

SEARS, ROEBUCK & COMPANY, and
K-DECORATORS, INC., a Montana
corporation, d/b/a K-DESIGNERS,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV 99-522,
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Thomas E. Boland and Mark D. Meyer, Attorneys at Law, Great Falls, Montana

For Respondents:

Michael K. Rapkoch and Randolph Jacobs, Jr., Felt, Martin, Frazier Jacobs & Rapkoch, P.C., Billings, Montana (K-Decorators)

J. Michael Young, Alexander, Baucus, Taleff, Paul & Young, PLLC, Great Falls, Montana (Sears, Roebuck)

---

Submitted on Briefs: August 8, 2002

Decided: November 26, 2003

Filed:

________________________________________

Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Laura Osterman (Osterman) brought this action in the District Court for the Eighth Judicial District, Cascade County, alleging actual and constructive fraud, negligent misrepresentation, negligence, negligent hiring of an independent contractor, breach of express warranty, and deceptive, unfair trade practices. Defendants moved for summary judgment on all claims. The District Court granted summary judgment to Defendants on Osterman's claims for actual and constructive fraud, unfair trade practices, and negligent misrepresentation. A jury trial ensued on the remaining claims, and a verdict was returned in favor of Osterman for breach of express warranty. Osterman thereafter sought attorney fees and costs. Following a hearing, the District Court concluded Osterman was entitled to attorney fees and costs for her breach of warranty claim only, reducing her requested amount based upon a pro rata calculation of the attorneys' time spent on that claim. Osterman appeals the District Court's order granting summary judgment on her claims for fraud and unfair trade practices, as well as the court's award of attorney fees. We affirm in part, reverse in part, and remand.

¶2 Osterman raises the following issues on appeal:

¶3 1. Did the District Court err in granting summary judgment to Defendants on Osterman's claims for actual fraud, constructive fraud, unfair trade practices, and negligent misrepresentation?

¶4 2. Did the District Court abuse its discretion in applying a pro rata reduction to Osterman's requested attorney fees?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 In the summer of 1996, Laura Osterman, then age 69 and recently widowed, responded to a written solicitation from Sears, Roebuck & Co. (Sears) regarding vinyl siding for her home. On August 15, 1996, James E. Sluder (Sluder) of K-Designers (K-Designers), an authorized contractor of Sears, visited Osterman at her home to discuss the purchase and installation of vinyl siding. During his visit, Sluder provided Osterman with a number of color brochures, including one clearly identifying the manufacturer of the siding as a company named "Gentek." Sluder also provided a brochure, several pages in length, in which the words "SEARS SIDING," repeatedly appeared throughout the brochure in large print followed by the slogan, "[p]roudly sold, furnished and installed by K-Designers, a Sears authorized contractor," which appeared in small font near the bottom of the page. The brochure also contained one page dedicated entirely to promoting K-Designers, bearing the K-Designers logo at the bottom right hand corner.

¶6 On the day of Sluder's visit, Osterman agreed to purchase approximately $22,000 worth of vinyl siding, to be financed through "Sears Financial," and installed at her residence the following month. Osterman and Sluder executed a Sales Agreement, whereby Osterman agreed to purchase the siding and "to contract with K-Designers, to furnish, deliver, and arrange for installation of all materials . . . ." Osterman additionally agreed to participate in a product awareness program and signed a certificate-like document indicating that she would, among other things, allow K-Designers to use "before and after" photographs of her home, allow placement of a Sears Siding/K-Designers sign on her property during

installation, and allow K-Designers to show the exterior of her property to prospective customers.

¶7 Despite this, Osterman believed she was dealing exclusively with Sears, that Sluder was a Sears' employee, and that the materials provided would be Sears' products. When installation of the siding commenced in September 1996, however, it was K-Designers, not Sears, that arrived to install the siding.

¶8 On October 7, 1996, at the completion of installation, Osterman tendered a check to K-Designers for approximately $11,000 and signed a Certificate of Completion acknowledging "that all goods and services sold to us by K-Designers have been furnished and performed in a workmanlike manner and in accordance with the terms of said contract." However, shortly after signing this document, Osterman discovered numerous defects in the installation of the siding. In particular, she noticed that the trim was not properly installed, that nails were put through the siding at inappropriate places, that some of the trim siding was attached to the house with double sided tape, and that the siding material was inappropriate to Montana's climate. Osterman accordingly notified her local Sears store regarding her dissatisfaction.

¶9 Following several warranty service calls by both K-Designers and Sears, Osterman continued to be dissatisfied with the siding project. On May 4, 1999, Osterman filed suit, seeking damages for actual and constructive fraud, negligent misrepresentation, breach of express warranty, negligent hiring of an independent contractor, negligent installation, and deceptive, unfair trade practices.

¶10 After substantial discovery, K-Designers filed a motion for summary judgment asserting that Osterman's claims for fraud, misrepresentation, and unfair trade practices were barred by the applicable two years statute of limitations. Thereafter, both K-Designers and Sears moved for summary judgment on the merits of Osterman's fraud, negligent misrepresentation, and unfair trade practices claims, with K-Designers additionally requesting summary judgment on Osterman's claims for negligent installation and breach of express warranty.

¶11 Following a hearing, the District Court granted summary judgment in favor of K-Designers and Sears on Osterman's claims for actual and constructive fraud, as well as unfair trade practices, as time barred. The District Court also concluded that summary judgment on the merits of these claims and on Osterman's negligent misrepresentation claim was appropriate. The court reserved the breach of express warranty, negligence, and negligent hiring of an independent contractor claims for trial.

¶12 On November 9, 2000, a Cascade County jury returned a verdict for Osterman in the amount of $12,500 for breach of express warranty against both K-Designers and Sears. The jury rejected, however, Osterman's negligent installation claim against K-Designers and the negligent hiring of an independent contractor claim against Sears.

¶13 Osterman thereafter moved for an award of attorney fees and costs. Pursuant to the Sales Agreement entered with K-Designers, the District Court determined Osterman was entitled to recover attorney fees and costs, but only from K-Designers and only with respect

to her breach of express warranty claim. The court accordingly scheduled a hearing to determine the proper amount of fees and costs to be awarded to Osterman.

¶14 At the hearing, Osterman's attorneys indicated that they had expended 147.15 hours prior to the entry of summary of judgment, which dismissed four of Osterman's seven claims, and 68.65 hours thereafter, for a total of 215.80 hours. Allocating this time between the various claims on a pro rata basis, the District Court concluded Osterman was entitled to one-seventh of the 147.15 hours expended prior to the entry of summary of judgment, or 21.02 hours, and one-third of the 68.65 hours spent thereafter, or 22.88 hours, for a total of 43.9 hours. At $125.00 per hour, which the parties agreed was a reasonable hourly rate, the District Court awarded Osterman attorney fees in the amount of $5,487.50.

¶15 With respect to costs, the court similarly concluded Osterman should receive only those incurred in relation to the breach of express warranty claim. The court reduced Osterman's requested amount of costs proportionately, for a total award of $790.25. Osterman appeals the District Court's summary dismissal of her claims for fraud, negligent misrepresentation, and unfair trade practices, and the court's award of partial attorney fees against K-Designers. We affirm the District Court's order granting summary judgment in favor of Sears and K-Designers. However, we conclude the District Court erred in its award of attorney fees and costs, and remand that issue to the District Court for redetermination.

## DISCUSSION

¶16 **Did the District Court err in granting summary judgment to Defendants on Osterman's claims for actual fraud, constructive fraud, unfair trade practices, and negligent misrepresentation?**

¶17 We review a district court's summary judgment ruling *de novo* and employ the same method of evaluation, based upon Rule 56 M.R.Civ.P., as applied by the district court. *Andrews v. Plum Creek Manufacturing, LP.*, 2001 MT 94, ¶ 5, 305 Mont. 194, ¶ 5, 27 P.3d 426, ¶ 5. Pursuant to Rule 56, M.R.Civ.P., we apply the following inquiry:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue [of fact] does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903 (citations omitted).

¶18 In the instant case, the District Court granted summary judgment in favor of K-Designers and Sears as to Osterman's claims for actual and constructive fraud, as well as her claim for unfair trade practices, on the basis that these claims were barred by the applicable two-year statute of limitations set forth in §§ 27-2-203 and 27-2-211, MCA (1999). Osterman argues that the two-year period was tolled and that her filing was timely.

¶19 Section 27-2-203, MCA, provides that:

> The period prescribed for the commencement of an action for relief on the ground of fraud or mistake is within 2 years, the cause of action in such case

> not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

¶20 Under Montana law, it is well settled that fraud claims are subject to a two-year statute of limitations. *Fleming v. Fleming Farms, Inc*. (1986), 221 Mont. 237, 243, 717 P.2d 1103, 1107. This two-year statute of limitations also applies to actions for constructive fraud. *Tynes v. Bankers Life Co*. (1986), 224 Mont. 350, 357, 730 P.2d 1115, 1120 (citing *Purcell v. Automatic Gas Distributors, Inc.* (1983), 207 Mont. 223, 232, 673 P.2d 1246, 1251 (defining "constructive fraud" as within the definition of fraud)).

¶21 In *Association of Unit Owners of Deer Lodge Condominium v. Big Sky of Montana, Inc.* (1990), 245 Mont. 64, 82, 798 P.2d 1018, 1029, this Court upheld, without analysis, the district court's determination that the unit owners' claim for unfair trade practices under § 30-14-133, MCA, was time barred by the statute of limitations set forth at § 27-2-211, MCA. That section provides, in relevant part:

> (1) Within 2 years is the period prescribed for the commencement of an action upon:
> . . .
> (c) a liability created by statute other than:
> (i) a penalty or forfeiture; or
> (ii) a statutory debt created by the payment of public assistance.

¶22 As defined by this Court in *Royal Ins. Co. v. Roadarmel*, 2000 MT 259, ¶ 17, 301 Mont. 508, ¶ 17, 11 P.3d 105, ¶ 17, a "liability created by statute" is one which "establishes a new rule of private right unknown to the common law." Put another way, it is a "'liability which would not exist but for the statute . . . .'" *Royal Ins. Co.*, ¶ 17 (citing *Abell v. Bishop* (1930), 86 Mont. 478, 486, 284 P. 525, 528). In *Royal Ins. Co.*, we concluded that an

insurer's right to subrogation in a workers' compensation claim constituted a "liability created by statute" within the meaning of § 27-2-211(1)(c), MCA, "because it amount[ed] to an unqualified right of *reimbursement* not found at common law." *Royal Ins. Co.*, ¶ 33.

¶23 Montana's Unfair Trade Practices Act authorizes private individuals to maintain a cause of action for injuries sustained as a result of unfair or deceptive trade practices and allows recovery of actual damages or $200, whichever is greater. *See* § 30-14-133(1), MCA. Additionally, the district court may, in its discretion, award up to three times the amount of actual damages and reasonable attorney fees. *See* § 30-14-133(1), MCA; *Dillree v. Devoe* (1986), 223 Mont. 47, 54, 724 P.2d 171, 176. While it is possible to conceive of a case in which the same conduct gives rise to a common law cause of action and a claim under the Act, we conclude the Act creates a liability not existing at common law by providing the successful claimant the *unqualified right* to receive the greater of $200, or actual damages. Further, the Act provides authority for the district court to award treble damages upon successful proof of unfair or deceptive practices. In *Plath v. Schonrock*, 2003 MT 21, ¶ 27, 314 Mont. 101, ¶ 27, 64 P.3d 984, ¶ 27, we determined that such damages are intended to be compensatory rather than punitive, and thus, do not constitute a penalty.

¶24 Therefore, as a liability created by statute that is neither a penalty nor a statutory debt, claims brought under Montana's Unfair Trade Practices Act, § 30-14-101, *et seq.*, MCA, are subject to the two-year time limitation set forth at § 27-2-211, MCA. Having so concluded, we now turn to the record to determine whether Osterman's claims were timely filed.

¶25 Osterman filed her complaint on May 4, 1999, approximately two years and nine months after entering the Sales Agreement with K-Designers and Sears. This period of time notwithstanding, Osterman argues the District Court erred in dismissing her claims for fraud and unfair trade practices as untimely because when she entered the Sales Agreement, she believed she was dealing exclusively with Sears, and that it was not until sometime later that she discovered K-Designer's involvement in the siding project. Accordingly, Osterman argues that disputed issues of material fact regarding discovery of her cause of action raised the possibility that her action had accrued beyond the two-year statutory period, and thus, precluded an award of summary judgment.

¶26 As a general rule, the statute of limitations for actions based on fraud begins to run when the fraud occurs, unless the facts forming the basis for the alleged fraud are, by their nature, concealed, or the defendant takes affirmative action to prevent the plaintiff from discovering the injury. *Cartwright v. Equitable Life Assurance Soc'y* (1996), 276 Mont. 1, 17, 914 P.2d 976, 986. A significant number of jurisdictions also apply this rule to actions for unfair trade practices. *Teran v. Citicorp. Person-to-Person Financial Center* (Ariz. 1985), 706 P.2d 382, 389; *Miller v. Dickenson* (Tex. App. 1984), 677 S.W.2d 253, 258; *Pickett v. Holland America Line-Westours, Inc.* (Wash. App. 2000), 6 P.3d 63, 69; *Medimatch, Inc. v. Lucent Technologies Inc.* (N.D. Cal. 2000), 120 F.Supp.2d 842, 852.

¶27 For purposes of tolling the statute of limitations in an action for fraud or unfair trade practices, ordinary diligence must be exercised by the aggrieved party in the discovery of the facts constituting the fraud or deceptive practice. *See Gregory v. City of Forsyth* (1980), 187

Mont. 132, 137, 609 P.2d 248, 251. "When the statute of limitations issue involves the time at which the plaintiff, through the use of reasonable diligence, should have discovered the facts, '[t]he test is whether the plaintiff has information of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation.'" *Johnson v. Barrett*, 1999 MT 594, ¶ 11, 295 Mont. 254, ¶ 11, 983 P.2d 925, ¶ 11.

¶28 Here, the District Court found that Osterman failed to specify any representation made by either K-Designers or Sears that K-Designers was part of the Sears Company, that Sluder was a Sears' employee, or that the product sold was manufactured by Sears. Rather, Osterman simply asserted she was led to believe that was the case. This assertion, however, would have been in derogation to the information actually provided to Osterman on August 15, 1996, whereupon she received sales brochures identifying the manufacturer of the siding as a company named "Gentek," and K-Designers as "a Sears authorized Contractor." On that same date, Osterman also executed a Sales Agreement authorizing K-Designers to "furnish, deliver, and arrange for installation of all materials . . ." and agreed to participate in a product awareness program in which she would, among other things, allow K-Designers to use before and after photographs of her home, place a Sears Siding/K-Designers sign on her property during installation, and show the exterior of her property to prospective customers.

¶29 By October 7, 1996, Osterman had demonstrated her knowledge of K-Designer's relationship with Sears by tendering a check to K-Designers for approximately $11,000 and

signing a Certificate of Completion acknowledging "that all goods and services sold to us by K-Designers have been furnished and performed in a workmanlike manner and in accordance with the terms of said contract." Thus, even if Osterman was not fully aware of K-Designers' relationship with Sears on August 15, 1996, this confusion was clearly resolved by October 7 of that same year when she wrote the payment check to K-Designers and signed a Certificate of completion, more than two years prior to the filing of her suit.

¶30 A "party asserting fraud is put on inquiry notice of the other party's misdeeds, and must exercise ordinary diligence to discover the facts constituting the fraud. . . . Mere ignorance of the facts will not suffice to toll the statute of limitations." *Holman v. Hansen* (1989), 237 Mont. 198, 202, 773 P.2d 1200, 1203 (citations omitted). Here, Osterman has not shown affirmative conduct by Sears or K-Designers calculated to obscure the existence of a cause of action. Nor is this a situation in which the facts giving rise to the alleged fraud are, by their nature, concealed. Rather, K-Designers' relationship with Sears as an "authorized contractor" is evident from a plain reading of the August 15, 1996 Sales Agreement. Although Osterman correctly points out that a person who fails to take the opportunity to examine a written form before executing it may still claim fraud to a document "where he is prevented from reading it or having it read to him by some fraud, trick, artifice, or devise by the other party," *Cartwright*, 276 Mont. at 26, 914 P.2d at 992, she has not shown that to be the case here. Accordingly, the District Court was correct in holding Osterman's claims for actual and constructive fraud and unfair trade practices to be barred under the statute of limitations because she discovered, or reasonably should have

discovered, the facts constituting the alleged fraud and deceptive practices more than two years prior to filing suit.

¶31 Turning to Osterman's claim for negligent misrepresentation, the District Court correctly concluded this claim was not barred by the statute of limitations. *See Cechovic v. Hardin & Assoc., Inc.* (1995), 273 Mont. 104, 119, 902 P.2d 520, 529 (holding that because negligent misrepresentation is couched in terms of negligence, the three-year statute of limitations for negligence applies). However, the court found that Osterman failed to make a prima facie showing of negligent misrepresentation and granted summary judgment in favor of K-Designers and Sears on that basis.

¶32 This Court has long recognized the tort of negligent misrepresentation. *See Yellowstone II Dev. Gr. v. First Amer. Title Co.*, 2001 MT 41, ¶ 78, 304 Mont. 223, ¶ 78, 20 P.3d 755, ¶ 78. To prevail on a claim for negligent misrepresentation, the plaintiff must prove the following elements:

> a) the defendant made a representation as to a past or existing material fact;
>
> b) the representation must have been untrue;
>
> c) regardless of its actual belief, the defendant must have made the representation without any reasonable ground for believing it to be true;
>
> d) the representation must have been made with the intent to induce the plaintiff to rely on it;
>
> e) the plaintiff must have been unaware of the falsity of the representation; it must have acted in reliance upon the truth of the representation and it must have been justified in relying upon the representation;
>
> f) the plaintiff, as a result of its reliance, must sustain damage.

*Yellowstone II*, ¶ 78.

¶33 Here, the gravamen of Osterman's claim is that the vinyl siding was sold, furnished, and installed on her home under false and misleading circumstances. Essentially, Osterman argues that Sluder's failure to clearly identify his relationship with Sears and K-Designers when he visited her home on August 15, 1996, along with the sales brochures' heavy promotion of the product as "SEARS SIDING," lulled her into believing she was dealing exclusively with Sears. During the proceedings for summary judgment, however, Osterman failed to specify any false statements allegedly made by K-Designers or Sears causing her to believe this was true.

¶34 As this Court has often noted, the party opposing summary judgment must "set forth specific facts and cannot rely on speculative, fanciful, or conclusory statements." *Sprunk v. First Bank System (Sprunk II)* (1992), 252 Mont. 463, 466-67, 830 P.2d 103, 105; *Klock v. Town of Cascade* (1997), 284 Mont. 167, 174, 943 P.2d 1262, 1266. Here, Osterman's claim fails to offer evidence demonstrating the primary element of the cause of action; namely, that Sears or K-Designers made a false representation of material fact. Her claim for negligent misrepresentation accordingly fails, entitling Sears and K-Designers to judgment as a matter of law.

¶35 **Did the District Court abuse its discretion in applying a pro rata reduction to Osterman's requested attorney fees?**

¶36 We review a district court's award of attorney fees to determine whether the court abused its discretion. *Mortgage Source, Inc. v. Strong*, 2003 MT 205, ¶ 8, 317 Mont. 37,

¶ 8, 75 P.3d 304, ¶ 8. A district court abuses its discretion if its fee award is based on an inaccurate view of the law or a finding of fact is clearly erroneous. *Ihler v. Chisholm*, 2000 MT 37, ¶ 24, 298 Mont. 254, ¶ 24, 995 P.2d 439, ¶ 24.

¶37 The District Court awarded attorney fees and costs to Osterman for the breach of warranty portion of her claim only, this being the only theory based upon contract for which Osterman received a verdict against both Sears and K-Designers. To calculate the award, the District Court allocated the total amount of time expended by Osterman's attorneys among the seven claims that existed prior to summary judgment, and the three claims which existed thereafter, on a pro rata basis. Based upon the evidence received at the June 13, 2001 hearing, the court awarded Osterman one-seventh of the time expended by her attorneys prior to entry of summary of judgment, or 21.02 hours, and one-third of their time expended thereafter, or 22.88 hours, for a total of 43.9 hours or a total fee of $5,487.50. The court similarly pro rated costs, awarding Osterman one-third of total costs, or $790.25.

¶38 Osterman asserts the District Court erred in applying such a mechanical, pro rata division of her requested attorney fees because each of her claims were inextricably intertwined and predicated upon common core facts. She argues that, in awarding attorney fees, a district court must focus on the nature of the claims advanced, regardless of their ultimate disposition.

¶39 Indeed, the United States Supreme Court rejected "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon" for determining attorney fee awards in *Hensley v. Eckerhart* (1983), 461 U.S. 424, 435 n.11, 103

S.Ct. 1933, 1940 n.11, 76 L.Ed.2d 40, 52 n.11, upon which we have relied. *See Laudert v. Richland County Sheriff's Dept.*, 2001 MT 287, ¶ 18, 307 Mont. 403, ¶ 18, 38 P.3d 790, ¶ 18. The *Hensley* Court noted that "[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." *Hensley*, 461 U.S. at 435, n.11, 103 S.Ct. at 1940 n.11, 76 L.Ed.2d at 52 n.11.

¶40 A pro rata calculation is also inconsistent with a consideration of the guidelines we have established for determining a reasonable fee award: (1) the amount and character of the services rendered; (2) the labor, time, and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the attorneys' character and standing in their profession; and (7) the results secured by the services of the attorneys. *Swenson v. Janke* (1995), 274 Mont. 354, 361, 908 P.2d 678, 682-83; *see also Plath*, ¶ 36. Although these factors are not exclusive–that is, a district court may consider other factors–they serve as guidelines for determining what constitutes a reasonable fee. *Morning Star Enterprises, Inc. v. R.H. Grover Inc.* (1991), 247 Mont. 105, 113, 805 P.2d 553, 558. Because the District Court's pro rata calculation failed to consider these factors, Osterman was deprived of a proper assessment of her fee claim.

¶41 Accordingly, we reverse the District Court's attorney fee award and remand this matter for a determination of reasonable attorney fees in accordance with the requirements of *Swenson*, 274 Mont. at 361, 908 P.2d at 682-83, and *Plath*, ¶ 36.

¶42 Affirmed in part, reversed in part, and remanded.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON

[end]