No. 05-145

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 14N

_____

MOLLY STRONG, d/b/a YETI BY MOLLY, LTD.,

        Plaintiff and Appellant,

   v.

JOHN WILLIAM BUTTS,

        Defendant and Respondent.

_____

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DV-04-248(A),
The Honorable Stewart E. Stadler, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        John M. Wagner, Quatman & Quatman, PC, Whitefish, Montana

        For Respondent:

        Bruce McEvoy, Johnson, Berg, McEvoy & Bostock, PLLP, Kalispell,
Montana

_____

Submitted on Briefs:  January 11, 2006

Decided:  January 24, 2006

Filed:

_____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant Molly Strong, d/b/a Yeti By Molly, Ltd. (Strong), appeals from a decision of the Eleventh Judicial District Court, Flathead County, granting summary judgment to Respondent John William Butts (Butts) on the grounds that the statute of limitations barred her claims. We affirm.

¶3      Strong argues that Butts's fraudulent concealment of his illegal activity prevented her from discovering a cause of action and thereby tolled the running of the statute of limitations. *See, e.g., United Methodist Church v. D.A. Davidson, Inc.* (1987), 228 Mont. 288, 294, 741 P.2d 794, 798. This fraudulent concealment allegedly prevented Strong from obtaining Butts's records of his private Glacier Bank and Flathead Bank of Bigfork accounts that contained the evidence of Butts's wrongdoing that Strong needed to file this action. Butts finally produced these records in 2002 as part of an agreement to settle Butts's interest in a separate legal action involving Yeti by Molly, Ltd.

¶4      Butts counters that Strong admits to having been concerned about Butts's alleged misappropriation of funds as far back as 1995. Butts contends that Strong's failure to take any action until 2003 to obtain the financial information cannot satisfy the "ordinary

2

diligence" requirement of a party asserting fraudulent concealment. *Osterman v. Sears, Roebuck & Co.*, 2003 MT 327, ¶ 27, 318 Mont. 342, ¶ 27, 80 P.3d 435, ¶ 27.

¶5 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operation Rules, as amended in 2003, which provides for memorandum opinions. We agree with the District Court that Strong failed to exercise ordinary diligence upon her acknowledged discovery of potential wrongdoing by Butts in 1995. Strong alleges that Butts failed to provide the requested information as part of the parties' dissolution of marriage proceeding. As noted by the District Court, however, Strong failed to file a motion to compel discovery of such information until July 2003. The doctrine of fraudulent concealment cannot save Strong's claim given her lack of diligence in seeking to uncover Butts's alleged wrongdoing.

¶6 Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART