**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA KNIGHT; MARK KNIGHT,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; HSBC BANK USA, N.A.,<br><br>Defendants-Appellees. | No.  16-35895<br><br>D.C. No. 9:15-cv-00056-DLC<br><br>MEMORANDUM[*] |
| LAURA KNIGHT; MARK KNIGHT,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; HSBC BANK USA, N.A.,<br><br>Defendants-Appellants. | No.  16-35937<br><br>D.C. No. 9:15-cv-00056-DLC |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 8, 2018
Seattle, Washington

Before: RAWLINSON and CHRISTEN, Circuit Judges, and FREUDENTHAL,[**] Chief District Judge.

Appellants/Cross-Appellees Laura Knight and Mark Knight (Knights) appeal the district court's order granting judgment on the pleadings on their negligent misrepresentation, negligence, constructive fraud, and Montana Consumer Protection Act (MCPA) claims, and the district court's grant of summary judgment on their declaratory judgment claim in favor of Appellees/Cross-Appellants Wells Fargo Bank, N .A. and HSBC Bank USA, N.A., (Wells Fargo). The Knights contend that the district court erred in holding that their claims were barred by the applicable statutes of limitations.

The district court properly held that the continuing tort doctrine did not toll the statutes of limitations for the Knights' negligence, negligent misrepresentation, constructive fraud, and MCPA claims. The Knights' tort claims accrued no later than 2011, based on their allegations that "on January 10, 2011, [they] knew that they had a foreclosure sale pending within the next few months," and sent a cease and desist letter to Wells Fargo "[a]fter conducting research into the issue of Wells

---

[**] The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

Fargo's rights to foreclose." The continuing tort doctrine affords no relief from the statutes of limitation because the Knights were "aware of [their] injuries, of the cause of those injuries and of the fact that [they] had a cause of action" due to Wells Fargo's initiation of foreclosure proceedings. *Gomez v. State*, 975 P.2d 1258, 1263 (Mont. 1999). Dismissal of their claims was warranted because the Knights did not file their action until 2015, well beyond the applicable statutes of limitation. *See* Mont. Code Ann. § 27-2-203 (establishing a two-year statute of limitations for claims premised on "fraud or mistake"); Mont. Code Ann. § 27-2-204(1) (establishing a three-year statute of limitations for tort claims "not founded upon an instrument in writing"); *Osterman v. Sears, Roebuck & Co.*, 80 P.3d 435, 441 (Mont. 2003) (recognizing that a two-year statute of limitations applies to claims for unfair or deceptive practices).

The eight-year statute of limitations for contract actions pursuant to Mont. Code Ann. § 27-2-202(1) does not govern the Knights' declaratory judgment claim. The gravamen of the Knights' complaint is that Wells Fargo engaged in tortious conduct involving conversion of the deed of trust during the assignment process. *See Tin Cup Cty. Water & Sewer Dist. v. Garden City Plumbing & Heating, Inc.*, 200 P.3d 60, 67 (Mont. 2008) (explaining that the eight-year statute of limitations for contract actions applies "only if the gravamen of [the] complaint

3

sounds in contract"). Interpretation of the deed of trust is unnecessary to resolve the Knights' declaratory judgment claim because the Knights do not "point to the violation of a specific contractual provision" in the deed of trust as required for their complaint "to sound in contract." *Id.* The district court correctly determined that the three-year statute of limitations for conversion barred the Knights' declaratory judgment claim based on the gravamen of their complaint. *See id.*; *see also* Mont. Code Ann. § 30-3-122(7) (providing that "an action for conversion of an instrument . . . must be commenced within 3 years after the cause of action accrues").[1]

**AFFIRMED.**

---

[1] Because we affirm the district court's dismissal of the Knights' claims based on the statutes of limitations, we need not, and do not, address the alternative grounds for affirming raised in Wells Fargo's cross-appeal.