Justice Laurie McKinnon, dissenting.
¶19 I easily track the Court's plain-language approach: in a wrongful death action, a decedent's personal representative "may maintain an action for damages" against the defendant, § 27-1-513, MCA ; the personal representative may sue in his or her "own name," M. R. Civ. P. 17(a)(1)(A) ; and venue is proper in "the county in which the plaintiff resides," § 25-2-122(2)(b), MCA. Because the personal representative is the lawsuit's named plaintiff, his residential county is a proper venue.
¶20 However, this Court cannot read statutes in a vacuum; we must read them in relationship to one another. "In the construction of a statute, ... [w]here there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." Section 1-2-101, MCA. After considering other statutes involving wrongful death actions and personal representatives, I find the Court's approach overly simplistic and ultimately disagree with its conclusion that a personal representative's residential county is an appropriate venue option under § 25-2-122(2)(b), MCA. I, accordingly, dissent.
¶21 Section 72-3-604, MCA, provides that "a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as the decedent had immediately prior to death ."
***228 (Emphasis added.) The plain language of § 72-3-604, MCA, confines the personal representative's lawful authority to file suits only in the courts where the decedent could have filed "immediately prior to death." There is no statute, court precedent, or other mechanism that expands the personal representative's authority or capacity to file suits on behalf of a decedent and that includes circumstances both unrelated to the decedent or the underlying facts which have arisen after her death. A personal representative is not the real party in interest; his "[c]apacity to sue ... is determined by appropriate statutory provisions." See M. R. Civ. P. 17(b). As it applies to a wrongful death action, § 72-3-604, MCA, provides a personal representative with the capacity to sue and limits his authority under § 25-2-122(2)(b), MCA, to bringing the lawsuit in a venue where the decedent could have immediately prior to death.
¶22 A personal representative stands in the decedent's shoes. In re Estate of Kindsfather , 2005 MT 51, ¶ 31, 326 Mont. 192, 108 P.3d 487 (explaining In re Estate of Long , 804 N.E.2d 1176, 1181 (Ind. Ct. App. 2004) ). To further emphasize the limited scope of the personal representative's authority, § 72-3-604, MCA, particularizes that a personal representative simply "has the same standing" as the decedent; he does not have greater or different rights than those the decedent would have had. Section 72-3-604, MCA (emphasis added); see, e.g. , dck Worldwide Holdings, Inc. v. CH SP Acquisition LLC , 2015 MT 225, ¶ 33, 380 Mont. 215, 355 P.3d 724 ("The assignee obtains no greater rights against the account debtor than the assignor." (citation omitted)).
¶23 The Court's conclusion that a personal representative's residential county is an appropriate venue under § 25-2-122(2)(b), MCA, bestows upon the personal representative different rights than those the decedent would have: it permits the personal representative to file a wrongful death action in the personal representative's residential county, which, in cases like this one, was not the decedent's residential county. However, as the majority points out, § 25-2-122(2)(b), MCA, uses the present-tense terms "plaintiff" and "resides." Such language is not practically applied in a wrongful death action, *394 where a decedent can no longer bring her own claims as the "plaintiff" and where a decedent no longer "resides" anywhere. Because the personal representative has the same standing to sue as the decedent and because the personal representative cannot have different rights than the decedent would have had, I would conclude that § 25-2-122(2)(b), MCA, does not confer venue in wrongful death cases. Such an interpretation of § 25-2-122(2)(b), MCA, ensures that the personal ***229 representative does not have rights the decedent would not have had. See § 72-3-604, MCA.
¶24 Further, the question of proper venue is, most fundamentally, guided by fairness to the defendant. Howard v. Dooner Labs., Inc. , 211 Mont. 312, 315-16, 688 P.2d 279, 280 (1984). "The venue statutes should not be interpreted to give a plaintiff the right to choose a forum based on fortuitous fact[s] ...." Howard , 211 Mont. at 317, 688 P.2d at 281. Concluding that venue is not proper under § 25-2-122(2)(b), MCA, based on the personal representative's residential county is fairest to out-of-state defendants because, otherwise, a decedent's estate could manipulate venue and shop for a preferred forum by choosing a specific personal representative because he resides in a selected county.
¶25 Montana law provides Lucero with the authority to bring a wrongful death claim on Gullett's behalf, but it does not bestow upon Lucero greater or different rights that Gullett did not have herself. In this wrongful death action, § 25-2-122(2)(b), MCA, cannot be utilized to confer proper venue-venue may be found proper under the other subsections of § 25-2-122(2), MCA. Because venue in Cascade County is not otherwise proper, I would reverse the District Court's order denying Ford's motion to change venue.
Justice Jim Rice joins in the dissenting Opinion of Justice McKinnon.